470    APPELLATE COURTS OF ILLINOIS.

VOL. 59.] Hibbard, Spencer, Bartlett & Co. v. City of Chicago.

## Hibbard, Spencer, Bartlett & Co. v. The City of Chicago et al.

1. STREETS—*Of Cities, Held in Trust.*—A city holds the streets in trust for the use of the public in such manner, as public streets, as the necessities of the public may require. It has no authority to convert or divert them to other uses.

2. SAME—*What is a Perversion of the Trust.*—The city of Chicago holds the streets in trust for the use of the public in such ways and manner as the public interests may demand, and it is a perversion of such trust to grant to particular persons a right to erect permanent structures upon them for private use.

3. SAME—*An Exception to the Rule.*—Temporarily, that is, for such time and in such way as not to interfere with their use as streets by the public, a city may license individuals to use, for private purposes, portions of the streets, but it has no power to either sell or give away the streets for private use.

4. SAME—*Purprestures and Permanent Encroachments.*—A purpresture or permanent encroachment by an adjoining owner upon a street is a nuisance.

5. SAME—*Special Permission to Erect an Awning.*—An order of a city council giving special permission to an adjoining owner to erect an awning in front of his premises, is not of a general nature, but special and peculiar, applying to one place and one person, and for this reason amounts to no more than a license without consideration, and subject to revocation at pleasure.

6. ORDINANCES—*Of Cities, Must be Uniform.*—City ordinances must be uniform and of general operation within the city limits, so that the burdens and benefits may, as far as practicable, rest equally upon all; any unnecessary discrimination between persons or locations will invalidate them.

7. LICENSE—*To Erect Structures in Streets, Revocable.*—The fact that

at the time permission is given to erect upon a public street a permanent structure, its erection would not inconvenience the public, and that the person constructing it has expended a large sum of money in so doing, does not give him a right to maintain the same when the public authorities demand its removal, or to have the question as to whether it is an inconvenience to the public, heard by either a court of equity or law. Its removal being demanded, it may be treated as a nuisance.

**Bill for Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. John Barton Payne, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed July 5, 1895.

### Statement of the Case.

This is a suit in equity to restrain, by injunction, the city of Chicago, its mayor, commissioner of public works and superintendent of police, their agents and servants, from interfering with, removing or injuring an awning erected by appellants in front of their premises. It appears that December 19, 1887, the following order was made by the city council:

"Ordered, that the commissioner of public works be, and he is hereby directed to issue a permit to Hibbard, Spencer, Bartlett & Co., to erect a cover of glass and iron over the shipping doors on Wabash avenue, corner of Lake street, the plans and specifications for the same to be submitted to and approved by the commissioner of public works, and the work to be done under his supervision."

That thereafter appellants submitted plans and specifications to the commissioner of public works of said city, which being by him duly approved, and a permit by him given, appellants proceeded at a cost of $3,000 to construct such awning; that said awning is supported at the side over the outer edge of the walk by iron posts, and appellants insist it is not an inconvenience to any one or in any respect a nuisance or obstruction to travel.

Appellees in their answer, say:

"Eighteenth. That the said awning was constructed in violation of the general ordinances of the city of Chicago, duly adopted in pursuance of law, and that it was and is the duty of the commissioner of public works under such ordinances to take all steps proper to prevent encroach-

472    APPELLATE COURTS OF ILLINOIS.

VOL. 59.] Hibbard, Spencer, Bartlett & Co. v. City of Chicago.

ments upon the rights of the public in the streets and avenues of the city; that the city council can only regulate and control the use of the streets of the city by general ordinances operating equally and uniformly upon all persons; that it has no power by any order to suspend the operation of such general ordinances in favor of particular persons or corporations, and that the order relied upon by the complainant in this case, as a justification for the construction and maintenance of said awning, was and is in violation of common and public right, and is an attempt to confer special privileges upon the complainant, and is therefore null and void, and was and is wholly beyond the lawful power of the council to pass or adopt; that as the said order is and was beyond the power of the council to adopt, and as it can not have the effect to suspend or annul any general ordinances of the city designed for the protection of the rights of the public in the streets, and as the said awning is constructed and maintained in violation of such general ordinances, these defendants insist that they should not be restrained or enjoined from enforcing such ordinances against the said complainants."

A temporary injunction issued by the court, upon notice and after argument, was upon the final hearing dissolved and the bill dismissed, wherefore appellant prosecutes this appeal.

HAMLINE, SCOTT & LORD, attorneys for appellants.

JOHN MAYO PALMER, corporation counsel, for appellee; RUBENS & MOTT, of counsel.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The city holds the streets thereof in trust for the use of the public, as public streets, in such manner as the necessities of the public may require.

Thus holding, it has no authority to convert or divert them to other uses.

Temporarily, that is, for such time and in such way as not

to interfere with their use as streets by the public, it may license individuals to use, for private purposes, portions of the street, but the city has no power to either sell or give away, for private use, the public streets.   City of Quincy v. Jones et al., 76 Ill. 231.

A purpresture or permanent encroachment by an adjoining owner upon a public street is, in law, a nuisance.  Wood on Nuisance, Secs. 260, 262, 251; Driggs v. Phillips, 103 N. Y. 77;  Attorney General v. Heishon, 18 N. J. Eq. 410; Smith v. The State, 23 N. J. Law, 712;  Smith v. The State, 23 N. J. Law 130.

The contention of appellant is that special permission having been given it by the city to erect this awning, and it not being at present an impediment to the use of the street by the public, the municipal authorities have no right to interfere with this structure, and it is entitled to an injunction restraining them from doing so.

The order of the city council under which appellant claims was not of a general nature; it was special and peculiar, applying to one place and one person.

For this reason the order amounts to no more than a license without consideration, subject to revocation at pleasure.

The burdens and benefits of ordinances must, as far as is practicable, rest equally upon all.   The laws of a municipality should be uniform and of general operation within the city limits, and any unnecessary discrimination between persons, classes or locations will invalidate them.   Chicago v. Rumpff, 45 Ill. 90; City of Bloomington v. Wahl, 46 Ill. 492; City of East St. Louis v. Wehrung, 50 Ill. 28; Zanone v. Mound City, 103 Ill. 552; Tugman v. Chicago, 78 Ill. 405; Lake View v. Tate, 130 Ill. 247; Horr & Bemis on Municipal Corporations, Sec. 135; Tiedeman on Municipal Corporations, Sec. 152; Dillon on Municipal Corporations, Sec. 322; Councilman v. Cremonini, 36 La. An. 247; Logan & Sons v. Payne, 43 Ia. 524; Irvine's Appeal, 16 Pa. St. 256.

The fact that at the time permission was given to erect upon a public street a permanent structure its erection would

474     APPELLATE COURTS OF ILLINOIS.

VOL. 59.] Hibbard, Spencer, Bartlett & Co. v. City of Chicago.

not inconvenience the public, and that the person construct-
ing such encroachment had expended a large sum of money
in building it, does not give him a right to maintain the same
when the public authorities demand its removal, or a right,
in the face of such demand, to have the question of whether
it is an inconvenience to the public heard by either a court
of equity or law.

Being a permanent encroachment upon the public high-
way, when the city demands its removal it may be treated
as a nuisance. State v. Woodward, 24 Vt. 92; State v.
Atkinson, 24 Vt. 448; Rex v. Wright, 3 B. & Acl. 681; Com-
monwealth v. King, 13 Metcalf, 115–118; Wright v. Saund-
ers, 65 Barb. 214; Rex v. Russell, 6 East 427; Chamberlain
v. Enfield, 43 N. H. 356.

The city holds the streets in trust for the use of the pub-
lic in such ways and manner as the public interests may
demand, and it is a perversion of such trust to grant to
particular persons a right to erect permanent structures for
private use upon such highway.

In a growing city there will frequently be streets for a
considerable time little used by the public, or used in but
small part. As to those, the municipal authorities, when
called upon to permit the use of a portion thereof by private
individuals, will often, in a spirit of good nature, and, per-
haps, with entire propriety, consent to such use, so that in
time the aggregate of exclusive private use of public streets
may become very large.

Few doctrines would be more destructive of public inter-
ests than to hold that thereby these favored individuals have
thus acquired as against the municipality, vested rights.

The encroachments by private persons upon the public
domain is, and in the nature of things will be, unceasing;
such encroachment is not in the outset, necessarily, either
harmful or fraudulent; it is when the demand of the pub-
lic for its own is resisted, that the unlawful use by one, of
that which belongs to all, becomes dangerous.

The question in this case which we regard as most serious
is, was the action of the common council and the commis-

sioner of public works, such that the present executive officers of the city may, without action of the council, remove this awning?

When the order permitting the construction of this awning was made, there was in force a general ordinance, in violation of which this structure was erected, unless the general law was, as to appellant's acts at this particular place, repealed by the special order applicable to them and this spot alone.    This is in effect the position of appellant.

One difficulty with such contention is that the city has no power to, by ordinance, grant the permanent use of a public street for private purposes.    Field et al. v. Barling et al., 149 Ill. 556.

The numerous cases in which cities have given the use of a portion of the streets to railway, gas, electric and other corporations are not applicable, because such grant was for public purposes.    While it is the case that only the particular person to whom the grant was, could lay down the rails, pipes or wires, when these were laid such person was bound, under reasonable rules and regulations, to permit the public to use the same; moreover, generally the corporations which received such grants were called into being and existed only because they undertook to serve the public and afford to all equal facilities for the use of that which they were to supply.

The grants to them of a permanent right to place and keep rails, pipes, etc., in the streets have been upheld because such grants were for the benefit and use of the public.

Doubtless, the city might give to a private person the right to lay water pipes, etc., in the streets, provided, as in the case of City of Quincy v. Buell, 106 Ill. 337, such pipes are for public use.

The vital distinction to be borne in mind is, that holding the streets in trust for the public the city can not, by contract, deprive the public of the right to the use of any portion of the street; all orders and ordinances by which, for private purposes, persons are allowed to encroach upon the street, are mere revocable licenses.

476    APPELLATE COURTS OF ILLINOIS.

VOL. 59.] Hibbard, Spencer, Bartlett & Co. v. City of Chicago.

Appellant is a private corporation, owing no duty to the public; it is here claiming a vested right to maintain in the public street an obstruction erected to serve, alone, its private purpose.

If it has such right it can not be deprived of the same by any act of the city government.

In the concluding sentences of each of the able briefs presented by appellant, reliance seems to be placed chiefly upon the fact that the special order obtained by appellant from the council has not been by it rescinded, and that therefore the executive officers of the city should be by a court of equity enjoined and restrained from enforcing the general ordinance.

The objection that the commissioner of public works and the police are acting in opposition to the orders of the council is really an insistance that the agent is disobeying the command of the principal; this, it is manifest, is a matter for the principal alone. If appellant has no right as against the city, it can have none as against those acting merely as its agents. Appellant's bill is against the city of Chicago, and certain of its executive officers, and an injunction is asked restraining all the defendants.

The city, as before indicated, may properly allow the placing by private parties for private use of temporary obstructions in the streets; and that it has given such permission may be implied from circumstances, as was the case in Nelson v. Godfrey, 12 Ill. 12, and Gridley v. Bloomington, 68 Ill. 47; such presumption being given, the structure intruding upon the street, while not unlawfully there, is nevertheless in the public highway as a matter of grace and favor, subject to removal at the order of the public authorities.

In the present case the permit to erect this awning given to appellant contained the following :

" It is hereby agreed by and between the parties hereto that in the acceptance of the permission herein granted, the said Hibbard, Spencer, Bartlett and Company will save the city of Chicago harmless from any and all cost, expense, loss

or damage which shall come against said city by reason of the erection, maintenance or use of said awning, or the issuing of this permit. And further will remove the same within ten days from the date of receiving a notice so to do from the said commissioners.

GEO. B. SWIFT,
Commissioner of Public Works.

The conditions of the above are hereby accepted.

HIBBARD, SPENCER, BARTLETT.
WM. HIBBARD."

Counsel for appellant here urge that this permit introduced by appellee, was "an unproved, unidentified paper, and was not shown to have been the permit issued or to have been made by the commissioner of public works or accepted by appellant.

The order of the common council provided that the plans and specifications for the awnings should be submitted to and approved by the commissioner of public works; and in the bill by appellants filed it alleges that it did file a copy of such plans and specifications with the commissioner of public works; that he approved the same and that "said commissioner did on the 19th day of December, 1887, issue to the complainant permission to erect an awning," and that in accordance with such order and permit it did build said awning.

Evidence was, at the hearing, irregularly admitted. By agreement, affidavits were used as depositions and orders and ordinances were received by consent without formal proof. When appellee offered the permit and papers attached thereto, appellant objected to the evidence as "incompetent, immaterial and irrelevant," not that the instruments were not genuine or not properly proven.

Whereupon, the court permitting, appellee introduced the application by, and the permit to, appellant.

The permit was really a part of appellant's case; coming in as it did, we think it is now too late to object that the documents were not properly proven. Chicago & Eastern Ry. Co. v. Holland, 122 Ill. 461.

It thus appears that appellant received permission to erect this awning upon the express condition that it would remove the same within ten days from receiving notice to do so from the commissioner of public works. Because it has received such notice it filed this bill.

It is urged that the case of Gregsten v. Chicago, 145 Ill. 462, is decisive of this. That case seems to have turned upon the understanding that the city had received a consideration for the permit, and that it was attempting to revoke it, not for any public use, but to give another private person what it had already, upon a valid consideration, given to Gregsten.

In view of the universal tendency to encroach upon the possession and right of the public, and the great number of instances in which, as a matter of friendly consideration, private persons have obtained orders, ordinances and permits allowing them to appropriate to private use portions of public streets, the later case of Field v. Barling, 149 Ill. 556, announces a most wholesome doctrine by declaring in no uncertain language that streets are dedicated to the public for particular purposes, and only for such purposes can they be rightfully used; that for these purposes the city may improve and manage, but can not alien or otherwise dispose of them; that it has no power to grant to individuals rights or easements in the streets which might in any way interpose with the duty of preparing them for public use; that no corporation or individual can acquire an exclusive right to their use or to the use of any part of them for private purposes, and that it is fundamental that the street is public in all its parts for free and unobstructed passage thereon by all persons desiring it.

Whether the bill presents a case in which a court of equity will enjoin either the city or its executive officers in its or their endeavor to enforce its laws as they understand them, is a question which, under the view we take of this matter, we do not think it necessary to discuss.

The decree of the Superior Court is affirmed.