Grafton, }
June, 1896. }

## CURRIER & a. v. DAVIS & a.

A bill in equity praying for the repair of a highway and the removal of obstructions therefrom cannot be maintained by one who suffers no peculiar injury from the wrong complained of. In such case the remedy is by indictment or other proceeding instituted in behalf of the public.

Under P. S., c. 72, ss. 1, 2, a highway established by public travel thereon for twenty years cannot be discontinued by vote of the town without the consent of the court.

BILL IN EQUITY, praying for an injunction. Facts agreed. At the annual meeting of 1896, the town of Canaan voted to discontinue a certain highway that was laid out in 1798 by a committee duly chosen by the town for the purpose. The plaintiffs have occasion to use the highway in common with the public generally. The defendant Davis owns land adjoining the highway on both sides, and shortly after the vote of the town fenced across and otherwise obstructed it, rendering it impassable. The other defendants are the highway agents of the town, and refused to open the highway although directed to do so by the selectmen. The injunction prayed for is for the removal of the obstructions and the keeping of the highway in suitable condition for public travel.

*Leach & Stevens,* for the plaintiffs.

*Frank D. Currier* and *George W. Murray,* for the defendants.

CHASE, J. It is not alleged that the plaintiffs suffer any peculiar injury from the defendants' acts. If their injury differs in any respect from that suffered by the public generally, it is in degree only. They have no interest that entitles them to maintain the suit. Bisp. Eq., s. 439; 1 Spell. Ex. Rel., s. 393, and authorities cited in notes; *Willard* v. *Cambridge,* 3 Allen 574; *Hartshorn* v. *South Reading,* 3 Allen 501; *Brayton* v. *Fall River,* 113 Mass. 218; *Blackwell* v. *Railroad,* 122 Mass. 1; *Needham* v. *Railroad,* 152 Mass. 61; *Dover* v. *Portsmouth Bridge,* 17 N. H. 200, 215; *Griffin* v. *Sanbornton,* 44 N. H. 246, 249; *Smith* v. *Putnam,* 62 N. H. 369. The remedy for the wrong complained of is by indictment or other proceeding instituted in behalf of the public. P. S., c. 77, s. 8.

This disposes of the case; but both parties have argued the question whether the highway was discontinued by the vote of

the town; and the plaintiffs have specially requested a decision of the question, suggesting that it will probably avoid further litigation.    The question has been considered, with this in view.

The highway was not laid out according to any statutory method in force in 1798.    Authority to lay out highways was then, as now, lodged with the selectmen of towns and the court. It was not conferred upon towns to be exercised either by direct vote or by a committee chosen by the town.    Laws, *ed.* 1797, *p.* 309.    The defendants allege that chapter 98, Laws 1771, authorized the laying out of a highway in the manner in which this highway was laid out.    If the statute gave such authority (which is doubtful), it would not serve the defendants, for it was not in force in 1789, having been repealed by the acts of February 27, 1786, and June 20, 1792.    Laws, *ed.* 1789, *p.* 60; Laws, *ed.* 1805, *p.* 406.

Prior to the enactment of the Revised Statutes, a highway might be established by a dedication of sufficient land for the purpose by its owner and an acceptance by the town, and also by adverse use by the public for twenty years.    *State* v. *Campton,* 2 N. H. 513; *Pritchard* v. *Atkinson,* 4 N. H. 9; *State* v. *New Boston,* 11 N. H. 407, 409; *State* v. *Atherton,* 16 N. H. 203; *State* v. *Nudd,* 23 N. H. 327; *Stevens* v. *Nashua,* 46 N. H. 192; *State* v. *Morse,* 50 N. H. 9.    Since that enactment, only those highways have been deemed to be public highways which have been laid out in the mode prescribed by statute, or have been used for public travel, other than to and from a toll-bridge or ferry, for a term of twenty years.    R. S., *c.* 53, *s.* 7; P. S., *c.* 67, *s.* 1, and intervening statutes cited in the margin of the section.    The effect of this provision was to discontinue highways previously established by dedication and acceptance if not used for the prescribed term. *State* v. *Atherton,* 16 N. H. 203, 213; *State* v. *Morse,* 50 N. H. 9. It follows that if the way in question was a public highway, it was solely because it had been used as such for more than twenty years.    A highway so originating cannot be discontinued by the town without the consent of the court.    P. S., *c.* 72, *ss.* 1, 2; *Campton's Petition,* 41 N. H. 197.    No consent having been given, the highway in question still continues (if it ever was a highway), notwithstanding the action of the town.

*Bill dismissed.*

All concurred.