## STATE *v.* KEAN.

Any structure, except a sign or awning put up in conformity with the police regulations of the town, which extends over any part of a public highway, is under the statute to be deemed a nuisance, whether the public travel is or is not thereby obstructed.

INDICTMENT, for erecting and continuing a bay window upon and over Laurel street in Manchester, in violation of P. S., c. 77, s. 8. Facts agreed. The defendant has erected and continued a bay window as charged in the indictment, as a projection from his building upon Laurel street. The window extends four feet and seven inches within the limits of the street, but does not extend downward within eight feet of the ground. Laurel street is a public highway. The question reserved is whether upon these facts the defendant is entitled to the judgment of the jury.

*James P. Tuttle,* solicitor, for the state.

*Oliver E. Branch,* for the defendant. " If any building, structure, or fence is erected or continued upon or over any highway so as to obstruct the same or lessen the full breadth thereof, it shall be deemed a public nuisance, and any person erecting or continuing the same shall be fined not exceeding fifty dollars; and the court shall order such building, structure, or fence to be removed." P. S., c. 77, s. 8.

The case finds that the defendant's bay window does project from his building over the limit of the highway, but not below the second story, nor within eight feet of the ground. The questions, therefore, arise, (1) whether it constitutes an obstruction of the highway within the meaning of the statute; and (2) whether if it is, that is not a question of fact for the jury to determine. In other words, is it an indictable offence, to which there is no defence, to erect a building, structure, or fence, of any kind, upon or over a highway?

An examination of the statute plainly discloses that such is not the law. If such were the law, the statute would read as follows: If any building, structure, or fence is erected or continued upon or over any highway, it shall be deemed a public nuisance, etc. The statute qualifies the kind of building, structure, or fence which may constitute a nuisance, by the words, " so as to obstruct the same or lessen the full breadth thereof." That is, it contemplates that there may be a building, structure, or fence which does not obstruct the highway or lessen its full

breadth. Such a building, structure, or fence does not come within the terms of the statute, and the erection thereof is not indictable. Such being the language of the statute and its plain intent, it is clear that it is for the jury to determine the fact whether the alleged building, structure, or fence does "obstruct the highway, or lessen its full breadth."

It is not necessary to discuss the proposition that the rights of the public in a highway are in the nature of an easement or right of passage, and that the soil and freehold belong to the owners of the land. "Highways may be lawfully used by the owner of the soil for other purposes than that of passage, and nothing deposited therein will be a nuisance unless it obstructs the passage." *Winship* v. *Enfield*, 42 N. H. 197; *Chamberlain* v. *Enfield*, 43 N. H. 356; *Cressey* v. *Railroad*, 59 N. H. 564.

It is well settled in New Hampshire that whether an obstruction of a highway constitutes a nuisance is a question of fact for the jury. What would be a nuisance, and whether or not an alleged obstruction constitutes a nuisance, is to be determined from a variety of considerations, to wit: (1) Where the highway is, whether in the country or in the compact part of a city; (2) the uses to which it is customarily put; (3) the nature of the obstruction. This was settled as far back as 1857 in *Graves* v. *Shattuck*, 35 N. H. 257. There the plaintiff undertook to move a building through a street in Nashua, and the defendants concerted to prevent the plaintiff from so doing, by placing obstructions in the way and threatening violence, because the moving of the building would destroy their shade trees. It was held that, "The jury must determine, from all the circumstances of each particular case, whether an object permanently placed, temporarily left, or slowly moving in a public highway, is or is not a nuisance; and this determination must depend on their finding whether or not the given object, under all the circumstances attending its occupancy of the highway, unnecessarily obstructed the free passage of the public over and upon it." It was also held that "Towns are not bound to grade the whole width of common highways; in cities and villages, foot passengers may properly be accommodated and protected by sidewalks, curbstones, posts, and railings, to the exclusion of carriages from a part of the way. Adjoining landowners may lawfully use the space between the carriage path and such sidewalks for the growth of trees for ornament or use; and trees thus situated are in no sense nuisances, but private property, specially protected by statute; and if they are injured or unreasonably endangered by a building that is being moved through the highway, their owners are justified in employing sufficient force to protect them from actual or impending destruction."

It is clear from these decisions that the question whether a

building, structure, or fence obstructs a highway or lessens its full breadth, is one strictly within the province of a jury. The highway may be a country road or a city street. If it is a city street, then the highway, as such, is so much of the layout as is comprised between the curbstones. That is the highway for vehicles. That between the curbstones and the street line — the sidewalk — is for pedestrians, from which, under the decision above quoted, vehicles are excluded. So it would be clearly a question for a jury to determine whether an alleged structure lessens the full breadth of that highway; or whether the structure obstructed the other part of it commonly used by pedestrians. It would be for the jury to say whether this particular structure interferes with the travel on the street either by persons in vehicles or on foot, in the way that the street is commonly used. A bay window might or might not obstruct a street. If it extended beyond the curbstone, it might interfere with the travel in vehicles. If it extended so low as to interfere with pedestrians upon the sidewalk, it would obstruct travel by foot passengers. But can it be said, as a proposition of law, that a bay window which interferes with no kind of travel constitutes an obstruction? What better right has a person to plant shade trees within the limit of the highway, but outside of the limits of the traveled part, than to erect a bay window from his building which interferes with no one? His right to do either rests upon the fundamental proposition that the rights of the public are only such as are reasonably and usually necessary for public travel. If the public have those rights, then any use to which the owner of the fee may put it, which does not lessen or interfere with these public rights, is a legitimate use. The public have paid for no other use than that, and no criminal statute can take away the property rights which have not been paid for to the owner of the fee, or render him criminally liable if he asserts them.

Suppose some person should attempt to drive his carriage along the sidewalk on Laurel street directly beneath this bay window, and his carriage should suffer damage by coming in contact with it: could he maintain an action for damages against the city? Would it not be a perfect answer to his complaint to say that he was not within the limits of the highway that was devoted to travel by carriage, and that the city was not bound to make the highway devoted to the purposes of the sidewalk safe for travel of that kind?

PARSONS, J. "By the common law any one may abate a nuisance to a highway." 1 Hawk. P. C., *c.* 75, *s.* 12; *Ib.*, *c.* 76, *s.* 61; 3 Bl. Com. *5. To justify such action it must appear that the object removed was an obstruction to the public travel,— an actual nuisance. In such case, "whether any object permanently placed, temporarily left, or slowly moving in a public

highway " unnecessarily obstructs public travel, and therefore is a common nuisance, is a question of fact to be determined by the jury from all the circumstances of each particular case. *Hopkins* v. *Crombie*, 4 N. H. 520, 525; *Graves* v. *Shattuck*, 35 N. H. 257. "If any timber, lumber, stone, or other thing is upon a highway, incumbering it," a prompt remedy for the immediate removal of the obstruction is provided. P. S., c. 77, ss. 1–6. In proceedings under this statute, whether the object complained of is an incumbrance and its removal necessary for the public convenience are questions of fact to be determined upon competent evidence. *Richardson* v. *Smith*, 59 N. H. 517. The public, however, is entitled to the full and free use of all the territory embraced within the limits of a highway, not only for actual passage, but for all purposes that are legitimately incident thereto. Every actual encroachment upon a highway by the erection of a building or fence thereon, or any other permanent or habitual occupation thereof, is an invasion of the public right, even though it does not operate as an actual obstruction to public travel. Wood Nuis., ss. 81, 250. "Where there is a house erected, or an inclosure made upon any part of the king's demesnes, or of an highway, or common street, or public water, or such like public things, it is properly called a purpresture." 4 Bl. Com. *167. "Pourpresture cometh of the French word '*pourprise*,' which signifieth a close or inclosure,— that is, where one encroacheth, or maketh several to himself that which ought to be common to many." Co. Lit. 277 b; Co. M. C. 38, 272. Any unauthorized erection over a highway is a purpresture. Wood Nuis., s. 77; *Knox* v. *Mayor*, 55 Barb. 404; *Attorney-General* v. *Booming Co.*, 34 Mich. 462. Since the public right is coextensive with the limits of the highway, the fact that the traveled part is not thereby impeded is no defence to an indictment charging the erection or maintenance of a building or other construction within the highway. Ros. Crim. Ev. *619; *Commonwealth* v. *Wilkinson*, 16 Pick. 175; *Commonwealth* v. *King*, 13 Met. 115; *Commonwealth* v. *Blaisdell*, 107 Mass. 234; *Harrower* v. *Ritson*, 37 Barb. 301, 303; *Dickey* v. *Telegraph Co.*, 46 Me. 483; *Wright* v. *Saunders*, 65 Barb. 214; *Reg* v. *Telegraph Co.*, 8 Jur. N. S. 1153; *The King* v. *Wright*, 3 B. & A. 681; *Reimer's Appeal*, 100 Pa. St. 182. This does not conflict with the adjoining owner's right to make any reasonable temporary use of the street which does not unnecessarily obstruct the public passage. 1 Hawk. P. C., c. 76, s. 49; Wood Nuis., ss. 256, 257; *Rex* v. *Cross*, 3 Camp. 224; *Rex* v. *Jones*, 3 Camp. 230; *Winchester* v. *Capron*, 63 N. H. 605; *Winship* v. *Enfield*, 42 N. H. 197, 216; *Chamberlain* v. *Enfield*, 43 N. H. 356, 360, 361; *Graves* v. *Shattuck*, supra; *Hopkins* v. *Crombie*, supra; *Makepeace* v. *Worden*, 1 N. H. 16; *Avery* v. *Maxwell*, 4 N. H. 36; *Copp* v. *Neal*, 7 N. H. 275; *Baker* v. *Shepard*, 24 N. H. 208, 213.

The defendant is charged with erecting and continuing a bay window upon and over a public highway. The bay window is a projection from the defendant's building, which extends into and over the highway four feet and seven inches, but does not extend downward within eight feet of the surface of the way. The sole question reserved is whether upon the admission of these facts as charged there is any question for the jury. The defendant claims that these facts do not show such obstruction of the highway as is contemplated in *s.* 8, *c.* 77, P. S., because the bay window does not obstruct the traveled part of the highway nor interfere with the travel upon the same, and that upon these facts it is a question for the jury whether they constitute an obstruction. The statute is: "If any building, structure, or fence is erected or continued upon or over any highway so as to obstruct the same or lessen the full breadth thereof, it shall be deemed a public nuisance, and any person erecting or continuing the same shall be fined not exceeding fifty dollars; and the court shall order such building, structure, or fence to be removed." P. S., *c.* 77, *s.* 8. The defendant's bay window is a "structure," erected and continued by him over the highway. It lessens the full breadth of the highway four feet and seven inches, at a point eight feet above the ground. The only question is whether the statute is aimed at mere encroachments upon the limits reserved for public use, or has as its object only the removal of actual impediments to the passage.

The statute has been the law of the state for nearly two hundred years. Its title when apparently first enacted in 1714 was, "An act to prevent encroachments upon highways." Acts and Laws, 1696–1725, *p.* 32. The provincial act was re-enacted with the same title, with slight verbal change, February 27, 1786. Laws, *ed.* 1797, *p.* 815; Laws, *ed.* 1805, *p.* 334; Laws, *ed.* 1830, *p.* 581. In the revision of 1842 the act appears with the same title, "Encroachments on highways," but greatly condensed and in substantially its present form (R. S., *c.* 60), while the provision for the immediate removal of incumbrances is found in the preceding chapter, entitled "Encumbrances in highways." The substance of this chapter was also adopted February 27, 1786. It was not until the General Statutes, 1867, that the two provisions were brought together into one chapter under the present head, "Incumbrances and encroachments upon highways." G. S., *c.* 70. The legislature understood encroachment and incumbrance to be different evils requiring different remedies. An object is not an incumbrance in a highway unless it obstructs the use of the way, while an encroachment is an unlawful gaining upon the right or possession of another: as where a man sets his fence beyond his line. Bouv. Law Dict.

Thus the title furnishes evidence that the object of the statute

was the preservation of the limits of the public right, not the prevention of obstruction to travel.

The less condensed form of expression of the early statute also gives aid as to its present meaning. Omitting needless repetition not applicable to the present case, it is: " No edifice, building, or fence whatever shall be raised, erected, built, or set up in, upon, over, or across any of the said highways, roads, streets . . . or any part of them, whereby to stop them up or straighten the passage, or anyways lessen the full breadth of any such street." The three evils which might result from encroachment are described and were (1) stopping up the street, actually preventing passage; (2) straightening, making narrow the path and the passage difficult; (3) anyways lessening the full breadth of the street. In the modern revisions and re-enactments of the statute, the first two are written as a single clause, "to obstruct," but no change has been made in the last,— " lessen the full breadth of the street." If a jury might find that the defendant's bay window did not stop up the street or straighten the passage, they could not find that, projecting four feet and seven inches over the highway, it does not, to some extent, lessen its full breadth.

That a building so projecting into the highway upon the surface, but not so as to obstruct travel, is in violation of the statute, was decided in 1829 in *Hopkins* v. *Crombie*, 4 N. H. 520. The case was trespass for breaking and entering the plaintiff's close and removing a house frame. The defence set up was that the house was within the limits of the highway, and under the statute was an obstruction and nuisance, wherefore the defendants, selectmen of the town, entered and removed the same. The court, *Richardson*, C. J., said (*p.* 525): " This statute [February 27, 1786] was not, in our opinion, intended to make mere encroachments upon highways, where the passage was not obstructed, liable to be removed by individuals. The object was to prevent certain encroachments upon highways, and for this purpose they are declared to be common nuisances, and provision made for their removal and the punishment of the offender. Individuals are permitted to abate actual nuisances which obstruct the passage of highways, because the public convenience requires an immediate remedy, and cannot wait for the slow progress of the ordinary course of justice. But no such reason exists for the interference of individuals in this way, in the case of encroachments which do not obstruct the passage. The statute has not changed the nature of things and made that an actual obstruction which was not so before its enactment." It was further held in the same case that the cellar and frame complained of, which extended ten feet within the limits of the highway but in no way impeded or obstructed or rendered less safe or convenient the traveled

path, was clearly an encroachment, for the reason that it was within the limits of the highway. It was said to be (*p.* 526), " clearly an illegal encroachment, which rendered the plaintiffs liable to be indicted and punished, and which might, at any time, upon a conviction, have been legally taken down, demolished, and removed." For this reason, although since the frame did not obstruct the travel the defendants' acts in removing it were unlawful, the plaintiffs were allowed only nominal damages.

Under *Hopkins* v. *Crombie*, the only question remaining is whether the elevation of the projecting structure eight feet above the highway surface raises any question of fact under the statute. If it does, it is only because at that elevation a jury might find it did not in fact obstruct the public in their use of the way. But if such a finding, which might and probably must have been found in *Hopkins* v. *Crombie*, does not excuse a building upon the surface of the way made because abundant space was left on one side of the structure for the public passage, the same finding cannot avail when based on the ground that there is abundant room beneath the structure. The finding being immaterial, a different ground upon which it might be based is equally unimportant.

Further evidence of the understanding of the legislature is to be found in the section of the statute immediately following. " Signs and awnings put up in conformity with the police regulations in force in the town are excepted from the provisions of the preceding section." P. S., *c.* 77, *s.* 9. This exception appeared first in the Revised Statutes, 1842 (R. S., *c.* 60, *s.* 2), presumably considered necessary because in 1823 police officers were authorized to make regulations for the height and position of any awning, shade, or other fixture that may be erected or placed in any such street. Laws, *ed.* 1830, *p.* 271; R. S., *c.* 114, *s.* 7; P. S., *c.* 249, *s.* 5. The legislature understood that a sign or awning over a highway was within the statute. The projection of the roof and eaves of a house over and into a street is within the statute, and a building so constructed is a nuisance. *Garland* v. *Towne*, 55 N. H. 55.

" Whether the fee of the street be in the municipality in trust for the public use, or in the adjoining proprietor, it is, in either case, of the essence of the street that it is public, and hence . . . under the paramount control of the legislature as the representative of the public." 2 Dill. Mun. Cor. (4th ed.), *s.* 683. The reasonable and proper use which the adjoining owner may make of the way is subject to legislative regulation. *Ib., s.* 734; 3 Kent Com. *433; *Allen* v. *Boston*, 159 Mass. 324, 335. Buildings projecting over a highway may make doubtful the true line of the street, as well as those erected upon the surface, and render the way dangerous to the public use. Whether any such use should be permitted, is properly determinable by the legislature.

Considering the common-law rule that any encroachment upon a highway is unlawful, the object of the statute as disclosed by its title, the language used in the original and subsequent enactments of the section in question, the exceptions made by the legislature tending to establish the legislative understanding of the meaning of the section, the existence of another statute remedy for the removal of actual obstructions, and the previous interpretation that has been declared by the court, we entertain no doubt that the construction contended for by the defendant cannot be sustained. The facts agreed contain all the elements of the offence charged. There is no question for the jury.

Trees by the side of the roadway are not within the terms of this statute, and are recognized and protected by law. *Graves* v. *Shattuck, supra;* P. S., *c.* 266, *s.* 19. While the suggestion of the defendant's brief, that the omission of the clause " so as to obstruct the same or lessen the full breadth thereof " would leave the statute with precisely the meaning given to it, is undoubtedly true, yet we do not think the insertion of this clause authorizes the position that there may be a structure upon or over a highway which does not either obstruct it or lessen its full breadth. Such a structure is plainly inconceivable, and the proposition is self-contradictory. If the structure is upon or over the highway, it must either obstruct it or lessen its full breadth. If it does neither, it is neither upon or over the highway. The origin of the clause is to be found in the excessive particularity of the original draftsman, in the effort, by a superabundance of words, to exclude the possibility of failure to embrace within the terms of the statute every variety of encroachment. The clause is in fact a recital of evils guarded against, and not the insertion of a condition to be found as a fact.

The original laying of the street is conclusive that the whole space is necessary for the public use, either for passage or the necessary incidents thereto. Whether the space reserved can, consistently with safety to the public, be permanently encroached upon by structures overhanging the same, other than signs and awnings, is purely a legislative question. As the case and the law now stand, the defendant's window is an illegal encroachment upon the street. The legislature has not left it to the court to decide whether, as a purpresture merely, it should be allowed to remain. Wood Nuis., *s.* 80. The statute declares it a nuisance and orders its removal. Further proceedings in accordance with these views and the stipulations of the reserved case will be had at the trial term.

*Case discharged.*

All concurred.