Rockingham, }
May 3, 1921. }

## EXETER *v*. RALPH E. MERAS.

A legal highway includes not only the soil but also the space immediately above it; hence to prescribe for a legal highway the public must have had adverse occupancy under P. S., *c*. 67, *s*. 1, as to all of such space; and if the owner continues to make a use of part of such space inconsistent with the public highway right, such use is a continuous denial thereof.

If the owner has so occupied part of such space with a bay-window extending above the second story, equity will not enjoin an extension thereof to the street, if the proposed structure would not unreasonably interfere with public travel.

PETITION, for an injunction, to restrain the defendant from completing the extension of a bay-window from the second story to the ground, because such extension would encumber a highway.

The extent of the highway was in issue. No laying out was shown, but it appeared that the public had traveled over the ground below the existing bay-window for over thirty years. The proposed extension would not unreasonably interfere with public travel.

Upon these facts the court ruled that the *locus* had become a legal highway by user, unless the existence of the overhanging bay-window has prevented such result as matter of law. Transferred from the January term, 1920, of the superior court by *Sawyer*, J.

*Scammon & Gardner* and *Ernest G. Templeton*, for the plaintiff.

*John L. Mitchell*, for the defendant.

PEASLEE, J. "Highways are only such as are laid out in the mode prescribed therefor by statute, or as have been used as such for public travel thereon, other than travel to and from a toll-bridge or ferry, for twenty years." P. S., *c*. 67, *s*. 1. Highways by user "arise from the uninterrupted use of the land for public travel and the continued recognition by the town and the landowner of the right to make such use." *Harriman* v. *Moore*, 74 N. H. 277, 279. The ordinary incidents necessary to establish a prescriptive right must be shown, else there is a failure to prove a highway by user.

The conclusion suggested in the superior court was that the town acquired by prescription a highway right, and that the defendant's land in that way became a legal highway. The conclusion cannot be adopted upon the facts stated. A legal highway includes not

only the soil, but also all the space above it.  *State* v. *Kean*, 69 N. H. 122.  To prescribe for such a right the public must have had such an occupancy as to be adverse as to the space in question.  The owner must have so conducted as to amount at least to an implied recognition of the town's adverse claim.  If there is no such recognition the proof fails.  If the owner continues to make a use inconsistent with the public highway right, such use is a continuous denial of the existence of a highway.  In the present case the space from the floor of the second story to the top of the defendant's building was occupied by the bay-window during the thirty years that the public traveled over his land below.  Such occupancy by him was a continuous assertion of a right inconsistent with the public right now claimed.  If there were a highway at this point, the defendant's right to maintain the bay-window would have been lost (*State* v. *Kean, supra*) or impaired (Laws 1899, *c.* 59, *s.* 1).  The plaintiff's claimed highway right and the defendant's admitted right as landowner being in conflict, the latter prevails.

The plaintiff admits that it has gained no right as to the space occupied by the bay-window, but now claims a right of travel under the window.  The question transferred relates solely to the existence of a highway, and the one now suggested is not involved.  But as it would be likely to arise upon a retrial of the case, it has been considered.

It may be assumed for the purposes of discussion that the public at large (as distinguished from the inhabitants of a particular place, *Perley* v. *Langley*, 7 N. H. 233) are so far an entity that they can prescribe against an individual for customary incorporeal rights of user touching his property, and that they could in that manner acquire a right of way differing from and less than a legal highway.  *Nudd* v. *Hobbs*, 17 N. H. 524.  A way so acquired would be subject to the usual rules as to its extent.  A reasonable use of the right would be all that could be demanded.  *Chapman* v. *Company*, 74 N. H. 424, and cases cited.  Upon this point the fact has been found against the plaintiff.  The finding that the defendant's proposed action would not unreasonably interfere with public travel establishes the defendant's right to so use his property.  The plaintiff fails to show any invasion of its rights, and the bill should be dismissed.

Whether such a proceeding as this could be maintained by the town in any case, is a question upon which no opinion is expressed.  See *Bryant* v. *Tamworth*, 68 N. H. 483; *Currier* v. *Davis*, 68 N. H. 596.

All concurred.                                              *Bill dismissed.*