HENRY A. CHEEVER, Respondent, *v.* WILLIAM D. FAIR and
RALPH S. DORR, Appellants.

Where a mortgage covers two lots, and the mortgagor conveys one of them, with covenant of warranty against his own acts, this warranty runs with the land; and if such lot is subjected to the mortgage, the purchaser would be entitled to be reimbursed by the mortgagor, and might maintain an action upon the warranty. *Held*, therefore, that the mortgagor could not complain that the decree of foreclosure ordered the sale of the unconveyed lot for the payment of the mortgage debt.

If the mortgagee has no notice of these transactions, he could have all the lots in the mortgage subjected to the payment of his debt.

Appeal from the District Court of the Fourth Judicial District, San Francisco County.

Bill for foreclosure of a mortgage. On the 17th day of September, 1852, William D. Fair purchased from one James McCormick, certain property in San Francisco, for the sum of $44,600, part of which was paid for in cash, and gave a mortgage on the property to secure the sum of $29,600, the balance of the purchase money.

On the day following, McCormick assigned the mortgage to one John O. Agnew, as security for a loan of $20,000, taking a covenant from Agnew to re-assign the same to him, upon payment of the loan and interest money.

On the 19th day of October of the same year, McCormick re-purchased from Fair a large portion of the property for $26,000, and paid him by releasing another mortgage which he held against him, and also $9,600 of the mortgage here sued on, and gave a mortgage for the payment of the balance of the purchase money.

This deed from Fair to McCormick, contained a covenant of warranty against Fair's own acts.

When the debt to Agnew became due, it was duly paid, and Agnew re-assigned the mortgage to McCormick, as agreed upon.

After the assignment by McCormick to Agnew, of the mortgage of September 17th, and prior to its re-assignment by Agnew, McCormick

43

sold and conveyed the lot repurchased from Fair, to one Stewart Smith, who subsequently sold it to the defendant, Dorr.

Immediately after the re-assignment of Fair's mortgage by Agnew, McCormick assigned it to Cheever, the present plaintiff, who brought this action to foreclose the same. The Court decreed a foreclosure against Fair, as to the portion of the property not sold by him to McCormick, and also decreed that the portion sold to Dorr was released from the operation of the mortgage.

The parties stipulated, in the Court below, that the rights of the defendants, Dorr and Fair, might be determined in this action. Fair appealed from the decree.

*Jo. G. Baldwin* and *Wm. J. Shaw*, for Appellant.

Cited, James *v.* Morcy, 2 Cow., 250. Hilliard on Mortgages, pp. 329, 330, 331, 338, 339, 348. 8 Met., 290. 3 Ed. Ch., 107. 3 Johns. Ch., 52. Eaton *v.* George, 2 N. H., 300. 6 Johns., 395. Rawle on Cov. for Title, 192. Hilliard on Real Estate, 421. Fitch *v.* Baldwin, 17 Johns., 161.

*Janes, Doyle, Barber & Boyd*, for Respondents.
Cited no authorities.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., and BRYAN, J., concurred.

Cheever is not charged by the proof with notice of any of the transactions subsequent to the mortgage, and therefore he may have reason to contend, that all the property contained in it, is subject to the payment of his debt; but he does not complain of the decree; and the only question is, whether Fair can insist upon apportioning the liability, between his lot and Dorr's.

Fair's conveyance of Dorr's lot to McCormick, contains a warranty against his own acts. This warranty runs with the land, and if Dorr's lot was subjected to the mortgage, the latter would have the right to be reimbursed by Fair, and might maintain an action upon the warranty.

It follows, that Fair has no reason to complain of the decree. If he has any remedy, it must be against McCormick.

Decree affirmed.