GAGE *v.* McGREGOR.

Where a mortgagor sells a portion of the land in different parcels and at different times, that which he retains will in equity be held primarily liable for the whole debt; and if not sufficient, the several parcels sold will be liable in the inverse order of such sales, beginning with the parcel last sold.

A person is not barred by a judgment in a foreclosure suit to which he was not a party, and in which he did not appear, although while the suit was pending he brought an injunction bill (afterwards withdrawn) to prevent a foreclosure of the mortgage on a portion of the mortgaged premises claimed by himself.

BILL IN EQUITY, to foreclose a mortgage.   Facts found by a referee.   June 16, 1863, Francis Foster, now deceased, executed a mortgage of 96½ square rods of land in Keene to the plaintiff, to secure a note of that date for $550.   The land was subject to a prior mortgage to Nathan Putney.   March 4, 1873, Foster conveyed by deed of warranty, recorded on the same day, not mentioning the existing mortgages, 11 rods of the land to John

McGregor for $700 ; and February 26, 1877, through the intervention of a third person for that purpose, the same 11 rods were conveyed by warranty deed to the defendant, John McGregor's wife, she having furnished the purchase-money for the conveyance from Foster to her husband. The plaintiff's mortgage was recorded, but neither John McGregor nor the defendant knew of its existence at the time of the conveyance to John. No building has been erected on this lot since its conveyance to McGregor.

March 26, 1873, Foster, by deed of warranty recorded March 27, 1873, not mentioning any incumbrance, conveyed 13 rods of the tract mortgaged to the plaintiff to Michael Connell for $800. Connell was not aware of the existence of the plaintiff's mortgage.

April 21, 1873, the plaintiff and Putney, by deed of release and quitclaim, conveyed all their interest in 32 rods of the mortgaged land not before conveyed to Foster, the deed reciting that "this conveyance is made for the purpose of cancelling a mortgage held by the grantors on the above described premises." No consideration was paid for this deed, and it was executed for the purpose of releasing the premises described from the mortgages held by the plaintiff and Putney. At that time the plaintiff was not aware of the conveyances to McGregor and Connell, though their deeds were then recorded. The deed of release was not acknowledged by the plaintiff, but was by Putney. June 14, 1873, Foster conveyed the tract thus released to William O. Leary for $1,800.

At the April term, 1880, the plaintiff obtained conditional judgment for $769.99 against Connell and John McGregor on a writ of entry for all the land included in her mortgage, excepting that released, and took possession June 23, 1880. Foster's administrator was made a defendant in the writ, but before judgment the suit was discontinued as to him. The defendant was not made a party, because at the time the writ was made the plaintiff did not know that John McGregor had conveyed the 11 rods to the defendant.

While the suit for the land was pending, the defendant brought a bill in equity against the plaintiff to prevent a foreclosure of the mortgage against her on the 11 rods. This suit was withdrawn and entered "neither party," before the plaintiff had judgment on her writ of entry. The plaintiff claims that the defendant, by entering her bill in court, in effect appeared as a party to the plaintiff's action for the land. The defendant claims that she withdrew the bill, because, not being a party to the writ of entry, no judgment in that suit could prejudice her rights.

The value of the land remaining, after the conveyances to McGregor and Connell, and the release by the plaintiff and Putney, is $1,000. The land released and conveyed to Leary is valued at $1,800, the tract conveyed to Connell, $850, and the tract to McGregor, and then to the defendant, at $700.

The plaintiff seeks the foreclosure of her mortgage against the defendant on the 11 rods conveyed to her.

*H. Blake*, for the plaintiff.

*D. H. Woodward*, for the defendant.

SMITH, J.   When the plaintiff released her mortgage to Foster upon the 32 square rods, part of the 96½ square rods mortgaged to her, she had no actual knowledge of the conveyances by Foster to McGregor and to Connell.   The record of those conveyances was not constructive notice to her (*Johnson* v. *Bell*, 58 N. H. 395, *Brown* v. *Simons*, 44 N. H. 475, *George* v. *Wood*, 9 Allen 80, *Wheelwright* v. *DePeyster*, 4 Edw. Ch. 232, *Cheesebrough* v. *Millard*, Johns. Ch. 409, *Taylor* v. *Maris*, 5 Rawle 51), and she was not put upon inquiry.   A mortgagee is not subjected to the constant necessity of investigating transactions between the mortgagor and third persons subsequent to the mortgage.   But a subsequent purchaser, taking his title with knowledge of the mortgage, if he wishes to protect himself, should notify the mortgagee of the purchase.   1 Jones Mort., *s.* 723; 2 *ib., s.* 1624; *George* v. *Wood*, *supra; King* v. *McVickar*, 3 Sandf. Ch. 192; *Gouverneur* v. *Lynch*, 2 Pai. Ch. 300.   The record is constructive notice to subsequent purchasers only, or those claiming under the same grantor.   1 Jones Mort., *s.* 723; *Cheever* v. *Fair*, 5 Cal. 337.

The record of the plaintiff's mortgage was constructive notice to the defendant's grantor, John McGregor, of the incumbrance created by the mortgage.   The defendant stands in the same position as though she took her title with full knowledge that it was subject to the mortgage, and took no steps to protect it by a release, or to notify the plaintiff of her title.   The defendant is not, therefore, entitled to claim an abatement of a proportionate part of the mortgage debt as against herself, on account of the plaintiff's release to Foster; and the plaintiff's lien upon the rest of the mortgaged premises has not been affected by her release. *Brown* v. *Simons, supra*, 482; *McIntire* v. *Parks*, 59 N. H. 258.

The lien created by the plaintiff's mortgage still subsists upon the whole tract, except the 32 rods released.   But the 40½ square rods which the mortgagor has not conveyed is primarily liable for the whole mortgage debt, while that which he has sold is chargeable in the inverse order of the sales for the deficiency only.   Equity interferes in this way in order to protect, so far as possible, the rights of all interested in the mortgaged premises,—much like the case where one creditor has security upon two funds, and another creditor upon one of them only,—and generally requires the first incumbrancer to look first to the fund on which the other has no lien.   *Brown* v. *Simons, supra*, 478; 2 Jones Mort., *ss.* 1,620, 1,621, and cases cited.

Upon this principle the value of these several tracts of land is applied in satisfaction of the mortgage debt in the reverse order of the conveyances, viz.: (1) the tract of 40½ rods, valued at $1,000; (2) the tract of 13 rods sold to Connell, and valued at $850; (3) the defendant's tract of 11 rods, valued at $700. As the value of the first two tracts is apparently much larger than the amount of the mortgage debt, the plaintiff apparently has no occasion to resort to the defendant's lot to satisfy her claim. But if this is involved in doubt, the matter can be made certain at the trial term. Otherwise, the bill should be dismissed without costs.

The defendant was not a party to the suit brought by the plaintiff against her husband and Connell, and is not affected by the judgment rendered in that suit. She did not, by filing a bill in equity against the plaintiff, make herself a party to the plaintiff's suit, nor has she been heard in that suit.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.