MAHAGAN *v.* MEAD & a.

WILLEY *v.* SAME.

If successive sales of portions of mortgaged land are made to different persons by the mortgagor, the part unsold is first liable to satisfy the mortgage debt, and after it the parcels sold in the inverse order of the sales.

The same rule applies in the case of successive conveyances with warranty by the mortgagor's grantee.

BILLS IN EQUITY, to determine the order in which parcels of mortgaged land are applicable in satisfaction of the mortgage debt, reported *ante* 132.

June 21, 1866, Quimby, seized of land called the Vail tract, consisting of lots A, B, C, D, E, F, G, H, and I, mortgaged the whole to the defendants Mead & Co., and May 7, 1868, conveyed to them with warranty lot A. November 22, 1869, she conveyed the entire tract, including lot A, to McIntire. October 5, 1870, McIntire conveyed lot B to Taylor; December 28, 1870, lot C to Cunningham, and January 3, 1871, lot D to Ayer. July 12, 1871, Mead & Co. quitclaimed lot A to McIntire. July 24, 1871, McIntire conveyed A and E to Quimby, and August 28, 1871, to Taylor, under a particular description by metes and bounds, a tract embracing lots F, G, and H, but not I. The deed contains the following clause—"intending to convey all the land deeded to me by E. Y. Quimby   *   *   not otherwise deeded." June 18, 1872, Quimby quitclaimed A and E to Houston; October 29, 1872, Houston quitclaimed the same lots to Taylor, and on the same day Taylor conveyed F to Sleeper. December 19, 1872, Taylor conveyed G to Rand, and quitclaimed, January 29, 1873, A and E to Halloran, to whom he also conveyed the same lots, with warranty, August 14, 1873. Rand conveyed lot G to the plaintiff Mahagan August 12, 1873, and Sleeper conveyed lot F to the plaintiff Willey September 20, 1882. All the conveyances not otherwise stated were with warranty, and were seasonably recorded.

*Bingham & Mitchell*, for Mahagan.

*Albin & Martin*, for Willey.

*S. C. Eastman*, for the defendants.

CARPENTER, J. If a mortgagor makes successive sales of portions of the mortgaged land to different persons, equity requires that the part retained by him be first subjected to the payment of the mortgage debt, and if it is insufficient, that the parcels sold be applied in the inverse order of the sales. *Brown v. Simons*, 44 N. H. 475. The doctrine is not confined to the case of alienations by the mortgagor; it is equally applicable where conveyances of sep-

arate parcels to several persons are made with warranty by his grantee.   *Guion* v. *Knapp*, 6 Paige Ch. 35.

July 12, 1871, Mead & Co. held the unincumbered title in fee to lot A, and their mortgage upon the remainder of the Vail tract. *Mahagan* v. *Mead* [*ante*, 132].   By their quitclaim of that date to McIntire by McIntire's warranty of July 24, 1871, to Quimby, and by the other intermediate deeds, the same unincumbered fee in A passed to Halloran, who now holds it.   The lot did not in Quimby's hands become subjected to the mortgage from the operation of which it had been released.   Mead & Co. are estopped by the covenants in their deed of quitclaim from claiming it under their mortgage, as well against Quimby and her grantees as against McIntire.   *Loomis* v. *Bedel*, 11 N. H. 74, 86.   The estoppel created by Quimby's warranty of the Vail tract to McIntire is set at large in respect to lots A and E by the latter's reconveyance of those lots to her with warranty.   *Carpenter* v. *Thompson*, 3 N. H. 204. The case stands as if Quimby had conveyed to McIntire A and E by quitclaim and the remainder of the Vail tract with warranty, and McIntire had in turn quitclaimed to her those lots.

Lot E, when reconveyed to Quimby, was placed in the same position as if she had never parted with the title.   In her hands it was first liable for the satisfaction of the mortgage debt, and Halloran holds it subject to that burden.   McIntire last conveyed F, G, and H to Taylor by deed of August 28, 1871.   If lot I did not pass by this deed, it is chargeable with the mortgage debt next after E.   Taylor first conveyed lot F to Sleeper, and then lot G to Rand.   He still holds the title to H and also to lot I, if it passed to him from McIntire; if it did, the two lots are to be applied equally upon the debt next after E.   It will not be necessary to determine whether the title to I is now in McIntire or in Taylor, unless E, H, and I are more than sufficient to satisfy the mortgage debt; and there may be evidence upon the question which is not disclosed by the case.   Should they prove insufficient, the other lots are chargeable in the order G, F, D, C, and B.

*Case discharged.*

SMITH, J., did not sit: the others concurred.