Hillsborough, ⎰
  June, 1894. ⎱

<h1 style="text-align:center">Dow v. Electric Co.</h1>

<h1 style="text-align:center">Electric Co. v. Dow.</h1>

| 68 | 59 |
|----|-----|
| 70 | 374 |
| 70 | 376 |

A repeal of the statute providing for the addition of fifty per cent to the actual damages caused by the erection and maintenance of dams would not affect pending suits.

One who erects and maintains a dam pursuant to a legislative grant of authority cannot question the constitutionality of a statutory provision for the assessment of damages caused thereby.

A landowner injured by the maintenance of a dam is not entitled to a new trial of a suit for determining his damages, because defendants' counsel stated to the jury that "the law gives full damages, full and running over, adequate and more than adequate, for the injuries inflicted."

PETITIONS, by both parties, filed in 1891 and 1892, for the assessment of damages under the flowage act (P. S., c. 142, ss. 12-19). Trial by jury and verdict for the plaintiff.

The plaintiff moved that fifty per cent be added to the amount of the verdict. The defendants objected on the ground that the provision of the statute requiring the addition is (1) unconstitutional, and (2) has been repealed.

In his opening statement counsel for the defendants said: "The law not only gives compensation,— it gives more." To this the plaintiff objected. The court ruled that the statement was improper, and told the jury they could give only fair compensation. Thereupon the defendants' counsel proceeded as follows: "I am sorry that I cannot state the whole law under the objection of my brother and the ruling of the court. I don't know how you can be made familiar with it unless you are familiar with the statute law of the state. The law gives full damages, full and running over, adequate and more than adequate, for the injuries inflicted." The plaintiff excepted.

*Burnham, Brown & Warren* and *Drury & Peaslee*, for the plaintiff.

*David Cross* and *Sulloway & Topliff*, for the defendants.

CARPENTER, J. The question whether the statute requiring fifty per cent to be added to the damages estimated by the committee or assessed by the jury (P. S., c. 142, ss. 16, 17) is repealed by the act of March 30, 1893 (Laws 1893, c. 50), need not be determined. The plaintiff's petition for the assessment

of the damages was filed August 31, 1891, and the defendants' like petition in March, 1892. A subsequent repeal of the statute could not affect the decision of the cause in this particular. Bill of Rights, *art.* 23; *Woart* v. *Winnick,* 3 N. H. 473; *Dow* v. *Norris,* 4 N. H. 16; *Willey* v. *Epping,* 16 N. H. 58; *Towle* v. *Railroad,* 18 N. H. 547; *Smart* v. *Railroad,* 20 N. H. 233; *Rich* v. *Flanders,* 39 N. H. 304; *Kent* v. *Gray,* 53 N. H. 576.

When a legislative grant of authority to exercise the power of eminent domain contains a condition that the grantee shall pay more than the value of the property taken under the power, the grantee accepting the grant and exercising the power cannot question the constitutionality of the condition. The defendants were authorized to flow the plaintiff's land upon the condition, among others, that they pay the damages thereby done to him and fifty per cent in addition. P. S., *c.* 142, *ss.* 12-18. The statute is permissive. It confers a privilege which the defendants were at liberty to exercise or not as they saw fit. But they cannot take and enjoy the benefit without performing the condition on which it is given. By their exercise of the power conferred, flowing the plaintiff's land and applying for an assessment of the damages, they are precluded from denying the validity of the condition. The question of its constitutionality under either the federal or state constitution is not open to them. *Pitkin* v. *Springfield,* 112 Mass. 509; *Deverson* v. *Railroad,* 58 N. H. 129, 131, and cases cited; *Dodge* v. *Stickney,* 61 N. H. 607, 610, 611; *People* v. *Murray,* 5 Hill 468, 472. The defendants' objection that the statute is in conflict with both constitutions or either of them is overruled.

The remarks of the defendants' counsel related not to the facts of the case, but to the law. They could not have injured the plaintiff if the jurors knew that fifty per cent was to be added to their verdict. If the jurors did not know that their verdict was to be so increased, the counsel did not inform them, and his statements, if they had any effect, would seem quite as likely to operate in favor of the plaintiff as against him.

*Exceptions overruled.*

Blodgett, J., did not sit: the others concurred.