Hillsborough, }
  Jan. 7, 1903. }

                        KENDALL  v.  FLANDERS.

Whether evidence should be excluded on the ground of remoteness, is a ques-
    tion to be determined by the trial court.
An exception to the exclusion of evidence is unavailing when neither the
    purpose for which the evidence was offered nor the ground of objection to
    the ruling is shown by the record.

ASSUMPSIT, upon a promissory note. Writ dated September
16, 1899. Trial by jury. The note was secured by mortgage;
and the question submitted to the jury was the value of the real
estate acquired by the plaintff by foreclosure in July, 1901, as
bearing upon the question of the amount due upon the note.
Transferred from the May term, 1902, of the superior court by
*Young*, J.

The defendant offered to show by one Kiel the price paid at
an auction sale in 1896 or 1897 for an adjoining tract of ten
acres, and that the land so purchased was not very different from
a part of the mortgaged premises; and by one Dane, the price at
which various tracts situated within a mile or two of the mort-
gaged premises had been sold within a few years. He also offered
to show that subsequent to the date of the note he made an agree-
ment with the plaintiff, whereby the mortgaged premises were to
be sold and the plaintiff was to receive one half of the proceeds of
sale in excess of $4,000, in lieu of interest. All this evidence was
excluded, and the defendant excepted.

*Henry A. Cutter*, for the plaintiff.

*Wason & Moran*, for the defendant.

REMICK, J. 1. The exclusion of the evidence of Kiel and
Dane presents nothing but a question of remoteness. That the
question of remoteness is left to the discretion of the judge who
tries the case, is too well settled in this state to need the citation
of authority.

2. It does not appear for what purpose the subsequent agree-
ment was offered, nor upon what ground its exclusion was objected
to. If offered for the purpose of modifying the contract evidenced
by the note in suit, to have been admissible it must have been
supported by a consideration. The plaintiff asserts that it was
wholly without consideration. This is not denied by the defend-
ant. The fact does not appear either way in the record. If the
agreement was offered to show an admission by the plaintiff as to

the value of the premises,—that he believed they would sell for so much more than $4,000 that he was willing to obligate himself to accept one half of what they would sell for in excess of that sum, in lieu of the interest to which he was entitled upon the note in suit,—then it was competent and admissible, unless in the judgment of the superior court it was too remote, which may have been the case. There is nothing in the record to show the contrary. The purpose for which the agreement was offered and the ground of the defendant's objection to its exclusion not appearing, the exception must be overruled. The party excepting "must show clearly and affirmatively from the record itself facts constituting error in the proceeding below." 2 Enc. Pl. & Pr. 424, 425.

*Exceptions overruled.*

All concurred.