Rockingham, }
 Jan. 6, 1905. }

### STANIELS v. WHITCHER & a.

It is incumbent on the excepting party to show in what respect a decree is erroneous.

A decree charging one half of the claim of a first mortgagee upon each of two tracts of land is not to be set aside at the instance of a second mortgagee of one of the parcels, in the absence of facts tending to show that the tract covered by the second mortgage is insufficient in value to satisfy that debt and one half of the prior lien.

BILL IN EQUITY, to foreclose a mortgage. The case is the same as that reported in 72 N. H. 451, where it is held that $1,000 of the plaintiff's claim is a first lien on both tracts of land; and this part of the plaintiff's claim is hereinafter referred to as " the first lien." The case was heard at the February term, 1904, of the superior court before *Chamberlin,* J., who made a decree charging one half of the first lien on each tract of land. The defendant Durgin excepted because the plaintiff was not compelled to satisfy the whole of the first lien out of the land on which he (Durgin) had no claim, if it was sufficient for that purpose.

*John S. H. Frink* and *John W. Kelley,* for the plaintiff.

*John Kivel, George T. Hughes,* and *Arthur G. Whittemore,* for the defendants.

YOUNG, J. The facts on which the decree is based do not appear, and it is impossible to say from the decree alone what rule was applied to marshal the property. The result would be the same if it appeared that the Durgin land was of sufficient value to satisfy his claim in full and one half of the first lien, whether the court applied the rule which obtains in this state— that the right of a grantee to have the assets marshalled attaches to the situation as it exists at the time the other grantees have notice, actual or constructive, of the conveyance under which he claims (*Brown* v. *Simons,* 44 N. H. 475; *Gage* v. *McGregor,* 61 N. H. 47; *Mahagan* v. *Mead,* 63 N. H. 570)—or that which obtains in some other jurisdictions—that this right attaches to the situation as it exists at the time the proceedings to enforce it are commenced. 1 Sto. Eq. Jur., ss. 633, 634. Consequently it is impossible to say what question was intended to be raised by the exception. The burden is on the moving party to show in what

respect the court erred, and is not satisfied by merely showing that the court could have erred. The value of the Durgin land is not shown; but it is clear that if it is worth enough to satisfy his claim and one half of the first lien the decree excepted to was such a one as could legally be made. So the order must be *exception overruled,* unless the excepting party secures an amendment stating facts which show that the decree was erroneous as matter of law.

*Case discharged.*

CHASE, J., did not sit: the others concurred.