Strafford, }
April 4, 1905. }

## FOSS v. PORTSMOUTH, DOVER & YORK RAILWAY.

An interjected remark by the court as to the value of conflicting medical theories, conditional in form and harmless in substance, does not furnish cause for setting aside a verdict.

No exception lies to the exclusion of evidence which may have been properly rejected on the ground of remoteness.

CASE, for personal injuries. Trial by jury and verdict for the plaintiff. Transferred from the September term, 1904, of the superior court by *Stone*, J.

August 28, 1903, there was a collision between two of the defendants' cars, upon one of which the plaintiff was riding, in consequence of which she claimed to have sustained physical injuries. Whether she was injured by the collision was the issue tried. Upon the cross-examination of one of the plaintiff's witnesses, a physician, the defendants' counsel asked him about the relative authority of certain medical writers on nervous diseases and inquired of him if he would produce in court the work of a certain specialist. Thereupon the court remarked: "I guess we won't go into a comparison of books. If they don't give us any more information than some law books do, we shan't get much from them." To this remark the defendants excepted.

The defendants, having introduced evidence that the shock from the collision was slight and that no other passenger was injured, offered to show that no passenger on either car had complained to them of having been injured, and that no other claim for damages for such injury had been brought against them. The evidence was excluded, and the defendants excepted.

*William F. Nason*, for the plaintiff.

*John Kivel, Samuel W. Emery*, and *George T. Hughes*, for the defendants.

WALKER, J. The defendant claims that the remark of the court was prejudicial and rendered the trial unfair. But as it was conditional in form, and as it was not even the statement of a fact, it could have conveyed no information to the jury as to the reliability of medical theories advanced by the medical witnesses. The court in effect said that he did not know whether much information could be derived from medical books—a statement which was plainly immaterial and harmless. *Dow* v. *Electric Co.*, 68 N. H. 59.

Whether other passengers had complained to the defendant of having been injured in the accident, or whether any of them had made claims for damages against the defendant on account of such injuries, were matters collateral to the main issue, and the evidence bearing thereon may have been properly excluded on the ground of remoteness. *Kendall* v. *Flanders*, 72 N. H. 11.

*Exceptions overruled.*

All concurred.