Rockingham, }
Feb. 4, 1908. }

CHAPMAN v. NEWMARKET MANUFACTURING CO.

An unconditional deed of a right of flowage entitles the grantee to a reasonable exercise of the privilege, as against the servient estate.

CASE, for flowage. Trial by jury and verdict for the plaintiff. Transferred from the April term, 1907, of the superior court by *Wallace*, C. J.

The defendant's title is by deeds from the plaintiff's ancestor, which convey a right to flow by the use of a certain dam. The plaintiff claimed that this gave only a right to reasonably exercise the granted privilege. The court submitted to the jury the question whether the defendant "unreasonably used the water of the stream by improperly managing the dam," and the defendant excepted.

*Page & Bartlett* and *Ernest L. Guptill*, for the plaintiff.

*Kivel & Hughes*, for the defendant.

PEASLEE, J. The defendant's contention is, that because its deeds of flowage rights are absolute in form, the right conveyed is without limitation, so far as the servient estate is concerned. This is not the law here. *Abbott* v. *Butler*, 59 N. H. 317; *Franklin* v. *Durgee*, 71 N. H. 186; *Horne* v. *Hutchins*, 71 N. H. 117, 124, and cases cited; *Horan* v. *Brynes*, 72 N. H. 93, 97; *Berry* v. *Hutchins*, 73 N. H. 310, 316.

An unlimited conveyance of an easement is, in law, a grant of unlimited reasonable use. *Bean* v. *Coleman*, 44 N. H. 539, 543, 544. No express restriction was necessary to save to the grantor the use of

his land beyond reasonably necessary use by the grantee, "because nothing beyond such use was included in the grant, either expressly or by implication." *Horne* v. *Hutchins, supra,* 125. "There is no presumed grant of a right to exercise the easement in an unnecessary and unreasonable manner. . . . The right of the easement owner and the right of the landowner are not absolute, irrelative, and uncontrolled, but are so limited, each by the other, that there may be a due and reasonable enjoyment of both." *Olcott* v. *Thompson,* 59 N. H. 154, 156. "The right is not to be exercised arbitrarily whenever the one entitled to exercise it thinks proper or sees fit, but only when there is a reasonable necessity for its exercise." *Berry* v. *Hutchins, supra.*

The question is not whether the defendant might flow strictly acccording to the letter of its deeds if such flowage would be of use to it in a reasonable way, but whether it may so flow when it has no use for the water, and when the flowage would be a detriment to the servient estate and in fact unreasonable. The question is not an open one in this state.

The issue presented was one of fact and was properly disposed of as such, although the rigid rule of construction contended for by the defendant might have been more easily applied. *Franklin* v. *Durgee,* 71 N. H. 186, 191; *Moore* v. *Company, ante,* 305.

*Exception overruled.*

All concurred.