Rockingham, }
  Oct. 6, 1908. }

### MANCHESTER v. DUGGAN.

A party who procures an instruction which expressly excludes the consideration of incompetent evidence thereby waives his exception to its admission.

A defendant in a writ of entry who relies upon his adverse possession of the premises is not entitled to a verdict upon the mere finding that he has never recognized the plaintiff's title.

WRIT OF ENTRY. Trial by jury and verdict for the plaintiff. Transferred from the October term, 1907, of the superior court by *Wallace*, C. J.

The land in question is a small lot on the shore of Massabesic lake, with a small cottage upon it, built by one Eaton about 1873. The plaintiff claimed title by deed, and the evidence relied upon tended to prove the following facts: The land in controversy was a part of the farm of Edward P. Offutt, and was in his possession in 1873 and thereafterwards until his death in 1881 or 1882, under title he obtained from one Morrill about 1840. February 1, 1882, Offutt's heirs conveyed the land to Charles Williams, who was in possession of it until 1899, and whose heirs conveyed it to the city of Manchester on December 18, 1903. In 1897 or 1898, the defendant paid rent for the land to Williams. In 1904, the city demanded $25 of the defendant as rent for the land for one year, which he paid about a week after the demand. The possession upon which the defendant relied was not adverse, and was of the cottage only and not of the land.

The defendant claimed title by adverse possession, and the evidence upon which he relied tended to show that the land was in the possession of Henry J. Eaton from 1872 until about 1880, and in the possession of the defendant since the latter date, claiming under Eaton; that the possession was adverse, and that the rent paid by the defendant was for another parcel of land, known as the McAllister lot.

Subject to the defendant's exception, the plaintiff introduced in evidence tax records of the town of Auburn, where the land is situated, which showed a tax assessed against the defendant and his grantors on " buildings on Williams land," for a series of years prior to the date of the writ. The plaintiff claimed title under Williams. There was no evidence that the defendant knew of these entries, except that he and his predecessors in title paid the taxes in question and some of the tax receipts given them were for tax " on the cottage."

At the defendant's request, the jury were instructed as follows: " The fact, if it was a fact, that the tax assessors of Auburn described this property of Duggan's as a building on Williams' land is no evidence whatever that the land was Williams' and not Duggan's." The defendant excepted to a denial of his request for the following instruction : " I instruct you that if the defendant paid rent to Williams or to the city on the lot designated as the McAllister lot, and refused to pay rent on or in respect to the parcel he now claims, and always understood that he was paying this rent only on the McAllister lot, then this payment was not a waiver of the statute or a recognition of the plaintiff's title, and your verdict will be for the defendant." The defendant also excepted to the denial of his motions for a nonsuit and the direction of a verdict in his favor.

*Burnham, Brown, Jones & Warren*, for the plaintiff.

*Taggart, Tuttle, Burroughs & Wyman* and *David W. Perkins*, for the defendant.

WALKER, J.   The finding of the court that the evidence tended to sustain the plaintiff's theory of title to the land in question is supported by an examination of the evidence.   If the assessors' books showing how the tax was assessed against the defendant are excluded as incompetent and prejudicial, what remains would support a verdict for the plaintiff.   If believed, it would prove that the plaintiff's ancestor in title acquired a deed of a farm in the '40's, known as the Offutt farm, which included the *locus ;* that the subsequent grantees had been in possession of it and cultivated it; and that after the deed to the plaintiff the defendant paid rent to the plaintiff for the occupation of the *locus.*   The motion for a nonsuit was properly denied.

If it could not be legally found from the evidence of the assessments that the defendant was not the owner of the land, this error was cured when, at the request of the defendant, the court charged that the assessment of the property as a building on "Williams' land" was "no evidence whatever that the land was Williams' and not Duggan's."   Asking for and obtaining that instruction amounted to a waiver of his exception to the evidence.   So far as its competency to prove title was concerned, it was expressly excluded from the consideration of the jury, and the presumption is that they did not consider it as evidence of title.   The effect of the successful request was the same upon the motion for a nonsuit as evidence afterward introduced by a defendant which cures the alleged defect.

But it is said the evidence was prejudicial because it impressed upon the minds of the jury the fact that the assessors had for some years determined that the defendant owned merely the building.   But in view of the positive instruction it is not apparent how the evidence was prejudicial.   Its only relevancy, according to the defendant, was to show that "this was Williams' land." The jury were told, in effect, to give it no weight whatever upon the only point in the case it was calculated to have a bearing upon.   If the jury had been told that the evidence was stricken out and that they could not consider it for any purpose, it is not plain how its effect would be more effectually removed than it was by the instruction which was given.   Whether the jury in fact considered it in reaching a verdict is a question for the determination of the superior court.   *Lee* v. *Dow*, 72 N. H. 101.   As the burden is on the excepting party to point out the error com-

mitted, the defendant fails. *Kendall* v. *Flanders*, 72 N. H. 11, 12 ;. *Staniels* v. *Whitcher*, 73 N. H. 152.

The defendant's second request for instructions was properly denied. If the defendant did not pay rent to the plaintiff on the lot in question, but on another lot, and always understood the transaction in that way, it does not follow that he was entitled to a verdict. While he may not have recognized the plaintiff's title,. or waived any rights he supposed he had to the land, he could not succeed against the true owner without proving to the satisfaction of the jury that he had been in the open, adverse, and exclusive possession of the premises for twenty years at least. The requested instruction was too broad and authorized a verdict for the defendant upon the mere finding that he had not recognized the plaintiff's title. That would have been manifest error.

*Exceptions overruled : judgment on the verdict.*

PEASLEE, J., did not sit : the others concurred.