Feb. 5,  }
  1924.  }

DUMMER POWER CO., *Ap'ee, v.* INTERNATIONAL PAPER CO. & a.

In a petition to the public service commission under Laws 1921, *c.* 64, *s.* 2, for permission to erect a dam, the commission have jurisdiction to determine whether the proposed erection will be of public use and benefit, but their order cannot include permission to build the dam and thereby to flow the lands of others.

All questions material to the acquisition of the flowage rights, other than the question of public benefit, are under *ss.* 3–9 determinable by a jury or committee upon a petition in the superior court.

The question whether the petitioner seeks to obtain rights in the defendant's land which the statute does not permit to be taken is to be determined in the proceedings for assessment of damages.

APPEAL, from the order of the public service commission made upon a petition under *s.* 2, *c.* 64, Laws 1921. In the original petition filed June 7, 1921, the petitioner sets forth its purpose to erect a dam on the Androscoggin river in the town of Dummer to develop power for generating electricity for public distribution. The prayer of the petition was that the commission may determine that the erection of said dam and plant will be of public use and benefit and grant the rights asked for by the petitioner. After notice and hearing, the commission found that the proposed erection would be of public use and benefit and issued an order granting permission to erect the proposed dam. From this order the International Paper Co. and others who had appeared before the commission in opposition to the petition duly appealed to the supreme court.

*Murchie & Murchie* (by brief and orally), for the petitioner.

*Shurtleff & Oakes, Sullivan & Daley* and *William B. Skelton* (of Maine) (*Mr. Oakes* and *Mr. Sullivan* orally), for the appellants.

PARSONS, C. J.    This being the first proceeding of this character before the commission, the commission very properly admitted evidence upon all the issues which the parties claimed could be raised before them.    As the court upon appeal is not given a more extensive jurisdiction, the essential preliminary question is what issues have been committed to the determination of the commission. Chapter 64, Laws of 1921, which purports to repeal all existing law included in the Public Statutes under the head Flowage Rights and subsequent amendments and additions thereto, does not materially change the general purpose or principle of the law.    The provisions repealed are in the main re-enacted.

There is a change in procedure and apparently in the amount of the judgment.    The only question now material relates to procedure.    Under the repealed provisions the question of public use and benefit was determined upon petition to the superior court by a committee to whom the petition was referred, the court or a jury. P. S., c. 142, ss. 14–17.    By the statute of 1921 the determination of this issue is committed to the public service commission.

Sections 1 and 2 of the act under which the proceeding has been had are as follows:

"Section 1.    Any person or corporation authorized by its charter or articles of agreement so to do may erect and maintain on his or its land, or on land of another with the owner's consent, a dam upon or across any stream, or may increase by flashboards or permanently the height of any dam already so maintained by him or it, for the purpose of raising the water to work any mill or mills owned by him or it or by any other person or corporation on such stream or on another stream to which the same is tributary, or for the purpose of creating a reservoir of water or raising the level of a public or other lake or pond to control, conserve, or equalize the flow of such stream or streams for the benefit of any such mill or mills, upon obtaining authority so to do as hereinafter provided in section 2.    The word 'mill' as herein used shall include both manufacturing plants and plants at which electric power is generated for public distribution or for the operation of mills, railroads or public utilities.

Sect. 2.    Any person or corporation proposing to erect a dam or to increase by flashboards or permanently the height of any existing dam for any of the purposes provided in the preceding section shall file a petition with the public service commission setting forth the location, height and description of the proposed dam or proposed increase in any existing dam.    Said commission shall there-

upon set a time and place for hearing said petition, and shall issue an order of notice to all parties interested, which shall be published for three successive weeks in some newspaper in the county in which the dam is to be erected or is situated, the last publication to be not less than fourteen days before the time fixed for hearing. Said order of notice shall be served on the attorney-general, and such further notice, if any, shall be given as the commission may order. Said commission shall, after hearing, determine whether it will be of public use and benefit to grant the rights asked for and shall enter an order accordingly. Any party aggrieved by any decision of the commission on any such petition shall have the same rights of appeal as provided in chapter 164 of the Laws of 1911, as amended." Chapter 64, Laws 1921, ss. 1, 2.

A landowner may build such dam as he pleases, consistent with the public safety (*c.* 47, Laws 1913; *c.* 178, Laws 1917), upon his own land and flow his own land, and that of others who consent, without aid from the statute. Unless he claims under the statute it cannot be invoked against him. *Wright* v. *Company*, 75 N. H. 3, 4, and cases cited. The right sought under the statute is not merely the right to erect a dam on the owner's land. That right is inherent in the ownership of the site. What is sought is the right to flow land of others, to take from such owners some portion of their right in the land. This may be done under legislative authority for public purposes, such as are enumerated in section 1. *McMillan* v. *Noyes*, 75 N. H. 258. But it cannot be done except upon compensation to the landowner for the property right taken. *Ash* v. *Cummings*, 50 N. H. 591. Constitutional procedure by which one landowner may take from another property rights owned by him must include procedure for ascertaining the value of the rights taken. The only issue directly submitted to the commission by section 2 is that of public use and benefit. If more were intended it must be because such issues are necessarily included in the judgment which the commission is authorized to render. The order appealed from purports to grant permission to build the dam asked for, and as the purpose of the asking was to secure the right to flow lands of others, the grant is of that right. But as the right to take land of others cannot be acquired merely because such taking will be of public use and benefit, if it was intended that the commission should grant the right as they have attempted to do, then it must have been intended that all questions material to the acquisition thereof should be heard and determined by the commission. But provision has been made

for the determination of the damages and of all other questions except the public one by a jury or committee upon a petition filed in court. *Ib.*, sections 3 to 9. These provisions are identical with similar sections of the law repealed (*c.* 142, P. S., *ss.* 13–17; Laws 1893, *c.* 50, *s.* 1), omitting the provisions for the determination of the question of public good transferred by section 2 to the commission. Considering the later sections of the act with section 2, it is clear that the power to grant rights of flowage was not conferred upon the commission. The language is, "Said commission shall, after hearing, determine whether it will be of public use and benefit to grant the rights asked for and shall enter an order accordingly." From this it has been inferred that the commission are to enter an order granting or denying the rights asked for accordingly as they find upon the question submitted to them. There is nothing in section 2 which supports this conclusion. The section requires one proposing to erect a dam to file with the commission a petition setting forth the details of the proposed construction but says nothing as to the prayer of the petition. In this situation the natural supposition is that the petition should invoke the jurisdiction which is imposed by the statute and ask the commission to find whether it will be of public use and benefit to grant the rights desired. This the petitioner has done, adding a request for the grant of the rights asked for which the commission have allowed. Having made the required finding the statute provides the commission "shall enter an order accordingly." This does not necessarily mean that an order shall be entered granting or denying the rights asked for. Such could not have been intended unless such order is the legal result of the fact found, which it is not, as has already been shown; while it also appears that the legislation contemplates further procedure before the desired rights are acquired. An order establishing by way of a judgment that the proposed construction will be of public use and benefit will literally comply with the statute. Three words in section 1 are evidence of a different purpose. This section is a re-enactment with some extensions and additions not now material of *s.* 12, of chapter 142, P. S., being the first section of the title "Flowage Rights" therein contained. This section provides that one may build and maintain a dam for any of the purposes defined "upon the terms and conditions, and subject to the regulations, hereinafter contained." Section 1 of the chapter now involved contains a similar provision that one may erect and maintain a dam for the purposes defined "upon obtaining authority so to do

as hereinafter provided in section 2." As the procedure provided for in section 2 could not constitutionally authorize the erection and maintenance of such constructions and as the chapter distinctly requires other and further procedure to acquire the right, the reference to section 2 must be rejected as inadvertently inserted and the clause be understood to mean that the right may be exercised "upon obtaining authority so to do as hereinafter provided." The order of the commission will be amended by striking out the grant of permission, the first eight words after "ordered," and inserting in place thereof the following, "that it will be of public use and benefit to permit."

The effect of the legislation is to require two petitions adjudicated by different tribunals to establish what was before determined by one upon one petition. The change imposes an additional burden and uncertainty because the results in the two tribunals may not be harmonious but the seeker for privilege must take it with the burdens attached. *Dow* v. *Company*, 68 N. H. 59.

It seems clear that the legislature intended the procedure should commence with the petition to the commission, which seems to be the natural order. A petitioner successful before the commission will approach the court with one essential fact decided in his favor.

In support of their contention that the order of the commission is unjust, unlawful and unreasonable the appellants allege:

(1) The petitioner is not the owner of the land where it proposes to erect the dam, nor has it the consent of the owners so to do.

(2) The erection of the dam is prohibited by the statute under which the proceeding is brought.

(3) It is not of public use and benefit to grant the rights asked for.

The first two allegations are not material to the only question now open, whether the building of the proposed dam will be of public use and benefit. All questions material under the statute except that of public use and benefit are left to be adjudicated upon petition to the superior court, the facts being found by a committee "appointed by the court to determine in relation to the matters set forth therein" or by the direction of "an issue to the jury to try the facts alleged in the petition." *Ib.*, ss. 3–9.

The contention that the erection of the dam is forbidden by the statute under which the petitioner is proceeding is understood to mean that the petitioner seeks to obtain rights owned by the defendants which the statute does not permit to be taken. This question

will arise when the petitioner by proceeding for assessment attempts to take them. If they cannot be taken, the petition will be denied. Without assessment and payment the rights cannot be taken. *Ash v. Cummings*, 50 N. H. 591.

It is conceded in argument that the object for which the petitioner proposes to employ the power obtained by raising the water level of the stream is a public use under the statute and the authorities. The argument is that it will not be of public benefit now to permit such taking. The principal contention in support of this claim rests upon the fact that there is very little fall, if any, upon the land which the petitioner claims to own or control and that the dam proposed, if built, will merely flow out a portion of a fall, all of which belongs to the appellants.

The difference here is more acute than usual, but the ordinary result of permitting one lower down on the stream to raise the water is to flow out whatever fall there may be above. The destruction of the upper owner's unappropriated privilege is not an answer as matter of law. *McMillan* v. *Noyes*, 75 N. H. 258. Whether the one privilege or the other should be improved is material on the public question.

Whether the appellants' power should be held intact and developed at some time as a single unit instead of the partial development proposed at this time depends upon many facts evidence as to which was laid before the commission. The evidence does not lead the court to the conclusion that the finding which has been made is erroneous. Whether the plaintiffs can by this proceeding take the logging and flowage rights the appellants have purchased in the river, their fall, or their dam, are questions not now before the court. In what has been said, it is not intended to express any opinion on these questions.

The contention that the proposed dam will necessarily interfere with the regulation of the flow of the stream which the appellants have established does not appear to be well founded in fact. As matter of law the petitioner, if it owns a dam site, has a legal right to build a dam on it. The appellants have not taken it away by erections above or below on the stream which do not directly affect it. They have not attempted to take the right by eminent domain. They argue strenuously and correctly that the statute does not authorize the taking of a site from the owner for the purpose of building a dam on it. The immateriality of the contention that the plan of the dam is faulty and its erection at this place dangerous and

a menace to the public safety appears to be now conceded. The dam must be built under the supervision of the commission. *C.* 47, Laws 1913; *c.* 178, Laws 1917.

As it is not found the question of fact submitted to the commission was erroneously determined, the order legally required thereon is neither unjust, unlawful nor unreasonable. The technical error in the form of the order has been already pointed out.

The clerk will transmit to the public service commission a decree modifying the order accordingly. The entry here is

*Order modified: appeal dismissed.*

All concurred.