STATE BOARD OF MEDICAL EXAMINERS OF NEW JERSEY, RESPONDENT, v. CASIMER J. GIEDROYC, APPELLANT.

Submitted December 6, 1917—Decided February 11, 1918.

1. A proceeding under section 10 of the Medical Practice act, as amended by *Pamph. L.* 1915, *p.* 476, is essentially a "civil suit," subject to the procedure peculiar to the civil jurisdiction of the court in which it is brought, and it is competent for the trial judge to direct a verdict for the plaintiff when the admitted facts conclusively show that the defendant violated the statute as charged.

2. The general rule is that where an offence may be committed by the doing of one of several things, the indictment may, in a single count, group them together by using the conjunctive "and" where "or" occurs in the statute, and so charge the defendant with having committed them all, and a conviction may be had on proof of any one of these things without proof of the commission of the others.

3. Under sections 8 and 10 of the Medical Practice act, as amended by *Pamph. L.* 1915, *p.* 476, a complaint may charge that the defendant did, without license, practice medicine and surgery in that he "did hold himself out as being able to diagnose, treat, operate and prescribe for a human disease *and* did treat and prescribe for the same by means of a medicine," and thereunder the defendant may be convicted upon proof of such holding out without proof of treatment and prescription by means of medicine.

4. In a proceeding under section 10 of the Medical Practice act as amended by *Pamph. L.* 1915, *p.* 476, when the warrant of the District Court is directed to a constable, the service thereof by the sergeant-at-arms of the District Court is, at the worst, a mere irregularity (in view of *Pamph. L.* 1898, *p.* 558, § 11), which may be waived by a general appearance of the defendant, and such irregularity (if such it be) will be deemed to have been waived

when the defendant appears in court, demands a trial by jury and procures an adjournment, without making any objection to such irregularity until the day to which the cause had been adjourned.

On appeal from the District Court of the city of Passaic.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the appellant, *Lewis A. Allen.*

For the respondent, *Josiah Stryker* and *John W. Wescott,* attorney-general.

The opinion of the court was delivered by

TRENCHARD, J.   The complaint in this case charged that Casimer J. Giedroyc, the defendant, "did violate section 10 of an act of the legislature of the State of New Jersey entitled 'An act to regulate the practice of medicine and surgery, to license physicians and surgeons, and to punish persons violating the provisions thereof,' approved May 22d, 1894, as said section 10 was amended by act approved April 12th, 1915 (*Pamph. L.* 1915, *p.* 476, *ch.* 271), in the following respects, to wit, that the said Casimer J. Giedroyc at the time and place aforesaid did commence and continue the practice of medicine and surgery without first having obtained and filed a license for such practice," &c., in that he "did hold himself out as being able to diagnose, treat, operate and prescribe for a human disease the nature of which disease is unknown, and did treat and prescribe for the same by means of a medicine, the ingredients of which are unknown," &c.

The case was tried in the District Court before the judge and a jury and, at the conclusion of the testimony, a verdict was directed in favor of the plaintiff for the penalty fixed by the statute.   The defendant appealed.

We are of the opinion that the judgment must be affirmed.

The appellant's first point is that the judge erred in directing a verdict for the plaintiff.   Not so.   The proceeding

was essentially a "civil suit" subject to the procedure peculiar to the civil jurisdiction of the court in which it was brought, and it was therefore competent for the trial judge to direct a verdict for the plaintiff if the admitted facts conclusively showed that the defendant had violated the statute as charged. *Board of Health* v. *Vandruens,* 77 *N. J. L.* 443; *Lowrie* v. *State Board of Registration,* 90 *Id.* 54.

We think they did. As stated, the complaint charged that the defendant, without a license, practiced medicine and surgery in that he held himself out as being able to diagnose, treat, operate and prescribe for a human disease, and did treat and prescribe for the same by means of a medicine. The statutory definition of the practice of medicine and surgery appears in section 8 of the act, as amended by *Pamph. L.* 1915, *p.* 482, and is as follows: "Any person shall be regarded as practicing medicine and surgery, within the meaning of this act, who shall use the words or letters 'Dr.,' 'Doctor,' 'Professor,' 'M.D.,' or 'M.B.,' in connection with his or her name, or any other title intending to imply or designate him or her as a practitioner of medicine or surgery in any of its branches, and who, in connection with such title or titles, or without the use of such titles, or any of them, holds himself or herself out as being able to diagnose, treat, operate or prescribe for any human disease, pain, injury, deformity or physical condition, or who shall either offer or undertake by any means or methods to diagnose, treat, operate or prescribe for any human disease, pain, injury, deformity or physical condition; and it is further provided that the provisions of this act shall apply to all persons professing and attempting to cure diseases by means of the so-called system of 'faith-curism,' 'mind-healing,' 'laying-on-of-hands,' and other similar systems."

It will be noted that the different acts or course of conduct which constitute the practice of medicine and surgery are stated in the disjunctive. The general rule is that where an offence may be committed by the doing of one of several things, the indictment may, in a single count, group them together by using the conjunctive "and" where "or" occurs in

the statute, and so charge the defendant with having committed them all, and a conviction may be had on proof of any of these things without proof of the commission of the others. *State* v. *Hill*, 73 *N. J. L.* 77; *affirmed*, 74 *Id.* 689.   Of course the exception to that general rule noted in *State* v. *Hill*, *supra*, namely, instances where the offences disjunctively set out in the statute are so dissimilar in substance that a separate count may be necessary, is not applicable to the present case.

We think that under the statute in question a complaint may charge that the defendant did, without license, practice medicine and surgery in that he "did hold himself out as being able to diagnose, treat, operate and prescribe for a human disease *and* did treat and prescribe for the same by means of a medicine," and that thereunder the defendant may be convicted upon proof of such holding out without proof of treatment and prescription by means of medicine.

It follows, therefore, that if the admitted facts in this case conclusively showed that the defendant held himself out as being able to diagnose, treat, operate and prescribe for human diseases, the direction of a verdict was proper without regard to whether the undisputed evidence showed that he did actually treat and prescribe for such disease by means of a medicine.

Now the plaintiff's testimony, so far as essential to a conviction, was corroborated by the defendant himself.   The defendant admitted that he was a chiropractor; that he practiced hydropathy and naturopathy; that he made his living by treating people who were ill by the methods known as chiropractic, hydropathy and naturopathy; that in order to treat them he first diagnosed their disease or illness and then gave them treatments consisting of manipulations, or electric or vapor baths.   He admitted diagnosing Sweth's illness, admitted receiving $75 from Mrs. Sweth in advance for the treatment to be given Sweth, and did not deny that he told Mrs. Sweth that her husband was a very sick man, but that he, the defendant, could cure him if witness would pay him $75.   This showed conclusively that the defendant held himself out, not only as being able to diagnose and treat the dis-

case from which Sweth was suffering, but as being able to diagnose and treat human disease generally.

The next point is that "the complaint and warrant do not state what provision of the law is alleged to have been violated." But this is ill-founded in fact, for both the warrant and the complaint were specific in that regard.

The last point is that the warrant was not served or executed by the officer designated therein. It appears that the warrant was directed "to any constable of the county of Passaic." Counsel states that it was served by the sergeant-at-arms of the District Court of the city of Passaic.

Of course, there is no question of the authority of the sergeant-at-arms to serve process out of a District Court when the same is directed to him, since the statute (*Pamph. L.* 1898, *p.* 558, § 11) expressly provides that the sergeant-at-arms shall be invested with and possess all the rights, privileges, powers and duties of a constable of the city or county in which the District Court is established. At the worst the service made by the sergeant-at-arms when the direction of the warrant was to a constable, was a mere irregularity which might be waived by the general appearance of the defendant. *Clifford* v. *Overseers of Frankford,* 37 *N. J. L.* 152; *State* v. *Lakewood Market Co.,* 84 *Id.* 512. In the present case the irregularity (if such it was) was waived because it appears that on March 9th the defendant appeared in court, and on that day demanded a trial by jury and procured an adjournment, and made no objection to the informality of the warrant or the manner of its service until March 30th.

We have thus examined and found to be without merit all the points made by the appellant.

The judgment below will be affirmed, with costs.