STATE BOARD OF MEDICAL EXAMINERS, PROSECUTOR,
v. THOMAS H. BROWN, JUDGE OF THE HUDSON COMMON PLEAS, ET AL., DEFENDANTS.

Submitted May 13, 1932—Decided August 27, 1932.

Before Justices PARKER, CAMPBELL and LLOYD.

For the prosecutor, *William A. Stevens,* attorney-general, and *Robert Peacock,* assistant attorney-general.

For the defendants, *Meyer Pesin.*

PER CURIAM.

One Golda Swerdlow-Radin, coming before Judge Brown on a writ of *habeas corpus,* was by him ordered released from custody under a commitment of the First District Court of Jersey City in a proceeding under the Medicine and Surgery act of 1894, as amended by *Pamph. L.* 1921, *pp.* 702, 708, 709. The ground of ordering such release was that said Golda is a female and therefore is immune from imprisonment for refusal to pay a judgment against her in a proceeding for violation of the Medical act, which provides by section 10 that the court may cause a defendant refusing to pay the judgment "against him" to be "committed to the county jail for any period not exceeding one hundred days."

No constitutional point was made. The sole argument was and here is, that section 10 is in contravention of section 64 of the Practice act of 1903 which says that "no female shall be arrested or imprisoned by virtue of any mesne process or process of execution in any civil action." Judge Brown regarded this as controlling and released the defendant. We think it has nothing to do with the case.

1. The Practice act is not applicable to these summary proceedings under special statutes. 2. These penal actions are criminal or at least *quasi*-criminal. 3. The Medical act of 1921 is later than the Practice act of 1903 and if in conflict with it supersedes it. 4. The fact that the titles are different does not affect the matter.

The fact that the statute says "him" does not of itself affect the matter, as words importing masculine gender include females. *Comp. Stat., p.* 4972, ¶ 9.

The order of discharge will be reversed, and the respondent Golda Swerdlow-Radin remanded to the custody of the sheriff to carry out the penalty imposed by the District Court.