STATE BOARD OF MEDICAL EXAMINERS OF NEW JER-
SEY, PROSECUTOR, v. BENJAMIN B. WALLEN, RE-
SPONDENT.

Submitted October 16, 1936—Decided December 10, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and
PERSKIE.

For the prosecutor, *David T. Wilentz,* attorney-general
(*John F. Bruther,* of counsel).

For the respondent, *Martin Bloom.*

The opinion of the court was delivered by

PERSKIE, J.   The question in this cause is whether section
10 of chapter CCCVI (*Pamph. L.* 1894, *p.* 454 (act regulat-

ing the practice of medicine and surgery) 3 *Comp. Stat., p.* 3333), as amended by chapter 221 (*Pamph. L.* 1921, *p.* 702; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 1867, § 127-31), applies to a duly qualified and licensed physician of this state.

The complaint of the state board of medical examiners charged that Benjamin B. Wallen of the city of Wildwood, Cape May county, New Jersey, did, "during the months of June, July, August and September, A. D. nineteen hundred and thirty-five, at the city of Wildwood * * * violate section ten of [act of 1894, as amended in 1921, *supra*] * * * in the following respect, to wit: that the said Benjamin B. Wallen, being the holder of a license to practice medicine and surgery in the State of New Jersey, at the time and place aforesaid, did give aid and assist a person, who was not at said time and place the holder of a license to practice medicine and surgery in said State, to practice medicine and surgery in the State of New Jersey, within the meaning of section eight of said act, as amended, contrary to and in violation of said section ten of said act, and against the form of said statute." On that complaint a warrant was issued and defendant furnished the required bail. The record further discloses that thereafter a motion was made in the Court of Common Pleas of Cape May county to dismiss the complaint and warrant, on the following grounds:

"1. That the statute does not apply to this defendant and no reasonable interpretation of the statute will make section 10 apply to a licensed physician.

"2. That the complaint is vague and does not apprise the defendant of the charge which he has to meet.

"3. That the warrant was defective because it was directed to the inspector of the state board of medical examiners."

The trial judge, being of the opinion that the complaint was not sufficient in law, for the aforesaid grounds, ordered that the complaint be dismissed and that final judgment be entered in favor of the defendant and against plaintiff. The writ of *certiorari* seeks to review the judgment of the court below.

The act of 1894, as amended by the act of 1921, *supra,* sets up standards for the qualifications to practice medicine and

surgery; it regulates the practice of said professions and provides penalties for the violation thereof. Section 10 thereof, and the one here involved, provides that "any person hereafter commencing or continuing the practice of medicine and surgery in any of its branches in this State without first having obtained and filed the license herein provided for, or contrary to the provisions of this act, * * * *or give aid or assist any person not regularly licensed to practice medicine or surgery in this state* * * * shall be liable to a penalty of two hundred dollars which penalty shall be sued for and recovered by and in the name of the State Board of Medical Examiners of New Jersey." (Italics supplied.)

*First:* Respondent's position below, and here, is, in substance, that this section was not intended to apply to licensed physicians. That position is rested on the grounds that it merely evinces a legislative intent to protect the public at large from being treated by a person who is not a licensed physician; that if the legislature had intended to punish a licensed physician for giving aid or assistance to an unlicensed person it would not have omitted, but rather would have included, such action in the enumerated causes (section 6 of the act, 3 *Comp. Stat., p.* 3331, § 6) for refusing or revoking a physician's license; that a physician simply cannot aid or assist anyone to unlawfully practice medicine or surgery, for when he responds to a call made upon him professionally he is actually engaged in the practice of medicine, and is necessarily doing that which he has a perfect right to do.

Prosecutor concedes the force of appellee's last contention. It says: "Admittedly, it is difficult to perceive the guilt of a doctor on this charge," but argues that it was denied the right to present any evidence to support the charge; that there might well be a situation—for instance, an agreement between a licensed physician and an unlicensed person—which would make even the former amenable to this (tenth) (3 *Comp. Stat., p.* 3333) section of the act. That may well be so. And if so, surely a licensed physician would also come within the phraseology thereof. It applies to "any person." Nor, in our opinion, does the fact that the legislature did not include the giving of aid or assistance to an unlicensed person to prac-

tice medicine or surgery in the causes for revoking a physician's license foreclose the application of this section to a duly licensed physician. The legislature may have concluded that the act of giving aid or assistance contrary to section 10 was not sufficient cause for the revocation of a physician's license but was sufficient not to go entirely unpunished and therefore imposed substantial money penalties of $200 for a first violation and $500 for subsequent violations as therein provided.

While no case in our state, in point, has been brought to our attention there are many cases, in other jurisdictions, in which the revocation of a physician's license for aiding an unlicensed person has been sustained. *Davis* v. *Board of Registration,* 251 *Mass.* 283; 146 *N. E. Rep.* 708. See cases collated in the annotation—Physicians—Revocation of License—54 *A. L. R.* 1516; 82 *Id.* 1187.

True, the issue at bar does not relate to the revocation of a physician's license; it relates to the imposition of a penalty on a licensed physician. But it is equally true that the basic question (whether a licensed physician can be guilty of aiding or assisting an unlicensed person to practice medicine or surgery) is present in each instance. The resultant statutory penalties only are different. Thus it appears to us that the question to be decided in each case is—did the licensed physician, as such, treat the patient or did he merely give aid or assistance to an unlicensed person to practice medicine or surgery? In the former circumstance the act would not apply but in the latter circumstance it would apply. The facts of each case must necessarily control the answer.

The court below refused prosecutor the right to supply the facts. In so doing we think it fell into reversible error.

*Second:* Prosecutor resorted to process in the nature of a warrant. This is authorized by the act. Respondent was obliged to and did furnish bail in double the amount of the penalty, namely, $400 in order to gain his freedom. If respondent should be convicted and we are not to be understood as intimating any opinion that he should or should not be convicted, and neglects or refuses to pay the penalty he is committed to the county jail for a period not exceeding

one hundred days. Obviously the proceeding is *quasi-criminal* in nature. Thus if the complaint which follows the words or language of the statute and describes the offense with which it has to do (*State* v. *Freulli,* 98 *N. J. L.* 395, 401; 119 *Atl. Rep.* 787) does not sufficiently inform the defendant of the nature and cause of the accusation against him, he is at liberty to demand a bill of particulars. *State* v. *Mohwinkel,* 6 *N. J. Mis. R.* 1072; 143 *Atl. Rep.* 802.

*Third:* The warrant was properly served. See chapter 200, *Pamph. L.* 1933, *p.* 341 (*Cum. Supp. Comp. Stat.,* 1911-1924, *p.* 1880, § 127-38s).

Judgment reversed; the cause will be remitted to the court below to be treated in accordance with the views herein expressed; costs, if any, to abide the event.