STATE BOARD OF MEDICAL EXAMINERS OF NEW JERSEY, PROSECUTOR, v. GEORGE H. COLEMAN, RESPONDENT.

Submitted May 2, 1944—Decided August 10, 1944.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the prosecutor, *Walter D. Van Riper,* Attorney-General, and *Joseph A. Murphy,* Assistant Attorney-General.

For the respondent, *Robert J. McCurrie* (*Wilbur J. Bernard,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. Two questions require decision in this case. 1. Did the trial judge err in adjudging respondent guilty of practicing medicine without a license? 2. Should the trial judge have entered a judgment of $500 against respondent as a second offender instead of having entered a judgment of $200 against him, as a first offender?

Prosecutor filed a duly verified complaint in writing in the First District Court of Jersey City charging, in substance, that during the months of December, 1942, and January, 1943, respondent practiced medicine (*R. S.* 45:9–18) in the Town of Kearny, New Jersey, without first obtaining a license

(*R. S.* 45:9–22, as amended by *Pamph. L.* 1939, *ch.* 115, *p.* 419, § 29). Additionally, the complaint charges that respondent was convicted, on May 28th, 1925, in the First District Court of Newark, for having violated section 10 of the act regulating the practice of medicine and surgery, &c., approved May 22d, 1894 (*Pamph. L.* 1894, *ch.* 306, *pp.* 454, 459), amended by *Pamph. L.* 1915, *ch.* 271, *p.* 484, § 7, and by *Pamph. L.* 1921, *ch.* 221, *p.* 708, § 4, approved April 8th, 1921; that the violation in the instant case is "another and continuation" of the violation for which respondent had been convicted on May 28th, 1925, and, therefore, respondent had incurred the penalty of $500 as prescribed by *R. S.* 45:9–26, as amended by *Pamph. L.* 1939, *supra,* § 31. We pause at this point to observe that here, as in *Black* v. *MacMahon,* 130 *N. J. L.* 323, 324; 32 *Atl. Rep.* (2d) 716, the facts constituting the violation are not set out in the complaint, and here too no point was made or is made of this, but unlike in that case respondent here demanded particulars which prosecutor supplied.

Pursuant to the statute (*R. S.* 45:9–22) a warrant was issued stating the provisions of the law, as alleged in the complaint, to have been violated. Respondent was apprehended. He entered a plea of not guilty, furnished a bond, and was released for hearing.

The trial judge heard the case in a summary manner without a jury. *R. S.* 45:9–23. He determined on the proof adduced that respondent was guilty of violating *R. S.* 45:9–22 and accordingly entered a judgment in favor of prosecutor and against respondent in the sum of $200, the penalty for a first offense. Respondent tendered the sum of $200 and costs to the prosecutor who, we are told and it is not denied, refused to accept the same.

Prosecutor made application for a writ of *certiorari* to review the amount of the judgment on the ground that it should have been in the sum of $500, the penalty for a second offense. Respondent at the same time made application for a cross-writ to review the entire proceeding on the grounds that the proofs do not support the conviction, that respondent was entrapped, and that in all events there is no basis for

prosecutor's claim that respondent was a second offender. By stipulation, the one writ allowed is to review the propriety of the judgment entered in light of the attacks made thereon by the respective parties.

1. Our answer to the first question posed is in the negative. Whether the proceedings employed be civil in character (*State Board of Medical Examiners* v. *Giedroye*, 91 *N. J. L.* 61, 63; 102 *Atl. Rep.* 906), or *quasi*-criminal in character (*State Board of Medical Examiners* v. *Brown*, 10 *N. J. Mis. R.* 998; 161 *Atl. Rep.* 842; *State Board of Medical Examiners* v. *Wallen*, 15 *N. J. Mis. R.* 1; 188 *Atl. Rep.* 449), we do not weigh the evidence, it is sufficient if there is legal evidence to support the fact finding of the court below. *State Board of Medical Examiners* v. *Citarella*, 113 *N. J. L.* 210, 214; 174 *Atl. Rep.* 24. It should suffice to observe that it was clearly open to the trial judge to find from the proofs that respondent, who is or was a chiropractor, treated both of prosecutor's female investigators. One testified that she received six treatments for a cold, at a dollar a treatment, and the other testified that she received three treatments for a pain and numbness in one of her arms, at the same fee. Respondent was not entrapped. However unwilling he said he was to give the treatments, he admitted that he gave them; and however unwilling he said he was to accept pay, he admitted that he received some pay. Moreover, whether each investigator suffered from the ailment for which she sought treatment (each claimed she did in fact suffer from her stated condition) is altogether beside the point. Both "stated conditions for which they desired treatment and that treatment was accorded." That is practicing medicine within the meaning of the statute. *Black* v. *MacMahon, supra,* (at *p.* 324). For entrapment, *Cf. State* v. *Dougherty*, 88 *N. J. L.* 209, 210; 96 *Atl. Rep.* 56; *L. R. A.* (1916C) 991; *Camden* v. *Public Service Railway Co.*, 84 *N. J. L.* 305, 308; 86 *Atl. Rep.* 397. The legal proofs amply support the adjudication that respondent practiced medicine without a license.

2. Our answer to the second question is in the affirmative. By stipulation, respondent's conviction on May 28th, 1925, was incorporated in the record of the instant case. That

conviction was based upon section 10 of the act of 1894 as amended by *Pamph. L.* 1915 and *Pamph. L.* 1921, *supra,* and as so amended was incorporated in the 1937 Revision of the public statute law of this state. Hence that conviction, on respondent's motion, was suppressed on the ground that it could not be considered another conviction within the meaning of *R. S.* 45:9–26, as amended by *Pamph. L.* 1939, *supra,* § 31, which, so far as is here pertinent, provides:

"In case a person shall, after conviction of any violation of *this chapter,* be again convicted of another violation thereof or of continuing the violation for which such offender was previously convicted, such offender shall be liable to a penalty of five hundred dollars for each such violation or continuation, to be sued for and recovered in the manner above set forth. * * *" (Italics supplied.)

We think that the trial judge fell into reversible error.

Beginning with the enactment of 1894, *supra,* our legislature provided a well defined and sound public policy in regulating the practice of medicine and surgery and in providing punishment for the violations thereof. The amendments of that act (*Pamph. L.* 1915, *Pamph. L.* 1921 and *Pamph L.* 1939, *supra*) indicate steadfast adherence to and perpetuation of that policy. By examples, and not by way of limitations, section 8 of the act of 1894 defines who shall be regarded as practicing medicine and surgery. Since the amendment of this section by *Pamph. L.* 1915, *ch.* 271, *p.* 482, § 5, it has not been changed. Section 10 of the act of 1894, provides for a minimum penalty of $100 upon the conviction for a first offense, and a double penalty for each subsequent conviction thereunder. Each amendment of this section by *Pamph. L.* 1915, *Pamph. L.* 1921 and *Pamph. L.* 1939, *supra,* provides for a penalty of $200 for a first offense, and a penalty of $500 after conviction of another or continuing offense under the respective acts. Clearly, therefore, *Pamph. L.* 1939, *supra,* is not inconsistent with section 10 of the act of 1894 either in policy or in policy and substance of the amendments thereof by the acts of 1915 and 1921, *supra.* True, the 1937 Revision "is a wholly independent enactment, superseding all existing laws" (*Duke Power Co.* v. *Somerset*

*County Board of Taxation,* 125 *N. J. L.* 431, 433; 15 *Atl. Rep.* (2*d*) 460), but it is equally true that the legislature has provided that: "The provisions of the Revised Statutes not inconsistent with those of prior laws shall be construed as a continuation of such laws." *R. S.* 1:1–4. *Cf. Gural* v. *Engle,* 128 *N. J. L.* 252, 253, 254; 25 *Atl. Rep.* (2*d*) 257; reversed on other grounds, 129 *N. J. L.* 63; 28 *Atl. Rep.* (2*d*) 109. *R. S.* 45:9–26 as amended by *Pamph. L.* 1939, *supra,* embraces the substance, the essence of section 10 of the act of 1894 as amended by *Pamph. L.* 1915 and *Pamph. L.* 1921, *supra.* Respondent incurred the penalty therein provided ($500) as a second offender.

The cause will be remanded to the court below, there to be treated consistently with this opinion. No costs are allowed.